Vernard TOWNSEND, Appellant,

v.

STATE of Missouri, Respondent.

No. 52670.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 6, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 6, 1987.

Application to Transfer Denied
Dec. 15, 1987.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 27.26 motion. In that motion movant sought to vacate four, concurrent, twelve-year sentences imposed after he pled guilty to two counts of first degree robbery, one count of first degree assault, and one count of armed criminal action. We affirm.

Movant contests the voluntary nature of his plea. He asserts he was entitled to an evidentiary hearing because in his Rule 27.-26 motion he raised four questions of fact, not refuted by the record. He claims his guilty plea was not voluntary because: (1) his lawyer advised him if he went to trial he would be convicted; (2) his lawyer said she did not want to take his case to trial; (3) his lawyer used movant's mother "to persuade movant to plead guilty"; and (4) his lawyer told him the three alibi witnesses movant wished to call at trial lacked credibility due to prior convictions, when in fact not all of them had been previously convicted.

The question presented is whether movant pled sufficient facts, not refuted by the record, to entitle him to an evidentiary hearing on whether his lawyer's advice had

a great enough impact on movant's decision to plead guilty so as render the guilty plea involuntary.

Movant testified he was guilty, understood the range of punishment, understood the plea bargain and had not been coerced into pleading. He further testified he was satisfied with his lawyer, his lawyer had explained the crimes committed by movant and the elements thereof, and had explained his constitutional rights. No one forced him to plead guilty, and no promises were given as an inducement for him to plead guilty. At the time of the guilty plea hearing, movant's mother was in the courtroom and he told her he was going to plead guilty. Movant's allegation of an involuntary guilty plea is refuted by the record. *Seiter v. State*, 719 S.W.2d 141, 143 [6] (Mo.App.1986).

In his second allegation of error, movant objects to the Rule 27.26 trial court's findings of fact. He asserts the findings are insufficient because "the result of the court's verbatim adoption of the state's motion to dismiss which included findings and conclusions on claims ... which movant did not raise, ... [violated] movant's Fourteenth Amendment due process right to findings on his claims." An adoption of the wording of the motion to dismiss is not per se erroneous. *Leady v. State*, 714 S.W.2d 221, 222 [1] (Mo.App. 1986). However, movant properly complains about the insufficiency of the findings of fact.

The Rule 27.26 court found the guilty plea transcript showed movant was interrogated by the guilty plea judge and the guilty plea judge found movant voluntarily, understandingly and knowingly entered his plea of guilty, and that a factual basis existed for the plea. The findings of fact of the Rule 27.26 court violates Rule 27.26(i) in that it contains no reference to some facts alleged by movant in his motion. *Fields v. State*, 572 S.W.2d 477, 483 [3] (Mo. banc 1978); *Toney v. State*, 730 S.W.2d 295, 296 (Mo.App.1987). However, we find no prejudice to movant since movant was not entitled to an evidentiary hearing. An order by this court remanding for

further findings of fact would be of no benefit to movant. The law does not require the doing of a useless act. *Francks v. State*, 721 S.W.2d 182, 183–84 [2, 4] (Mo.App.1987); *Smith v. State*, 674 S.W.2d 638, 642 [10] (Mo.App.1984).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.