Ronald **BALOW**, Defendant–Appellant,

v.

**STATE of Missouri,**
**Plaintiff–Respondent.**

No. 57977.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 9, 1990.

Ronald Balow, Pacific, pro se.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Movant appeals after the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant, Ronald Balow, pled guilty on January 12, 1987, to two counts of fraudulent use of a credit device, two counts of forgery, and three counts of stealing over one hundred and fifty ($150) dollars. The trial court suspended imposition of sentence and movant was placed on probation for three years. On December 4, 1987, movant's probation was revoked and he was sentenced for a total of twenty-one years on the seven counts.

Movant filed a timely *pro se* Rule 24.-035 [1] motion to vacate on June 8, 1988. A special public defender was appointed on

1. All references to rules are to Missouri Rules of Court, 1990, unless otherwise noted.

March 14, 1989, and an unverified amended motion was filed by movant on April 11, 1989.

The state filed a motion to dismiss movant's Rule 24.035 motion on November 14, 1988, and the motion court sustained the state's motion on November 21, 1989. The ruling read as follows: "Cause called. The court grants the state's motion to dismiss, finding no issues that require an evidentiary hearing. Cause dismissed with prejudice." Movant filed a motion seeking leave to file an out-of-time notice of appeal claiming that he had not been notified of the dismissal of his motion and on February 21, 1990 · an extension was granted by this court.

■ On appeal in his principal point, movant contends that the motion court erred in not granting an evidentiary hearing on his claim that he received ineffective assistance of counsel because his defense counsel: "[1] failed to properly advise appellant [movant] of his constitutional rights, [2] did not properly advise appellant of his right to plead not guilty, [3] failed to fully advise appellant of the consequences of his guilty pleas and [4] failed to advise appellant that a violation of his probation could result in the imposition and execution of a twenty-one (21) year prison sentence." [2]

■ In reviewing a dismissal of a Rule 24.035 motion to vacate, we are limited to determining whether the findings and conclusion of the motion court are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–6 (Mo. banc 1989), *cert. denied sub nom., Walker v. Missouri,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ To be entitled to an evidentiary hearing movant must: (1) allege facts, not conclusions which, if true, would warrant relief; (2) the allegations of fact must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Camman v. State,* 785 S.W.2d 763, 764 (Mo. App.1990).

■ Movant alleges four bases for his contention that he received ineffective assistance of counsel, but his mere conclusions do not reach the necessary requirement of factual allegations. These allegations are also refuted by the record. The court conducted an extensive examination of the movant while he was under oath to determine whether his guilty plea was knowingly and voluntarily given. During this examination the court advised movant that he had a right to plead not guilty and that by pleading guilty he was waiving certain constitutional rights. Movant was also advised of the range of punishment associated with each count to which he was pleading guilty.

We find the following responses by movant to the court's questions to be especially probative:

Q: Have you discussed the charges, each and every one with your attorney?

A: Yes, sir.

Q: Have you told the attorney all of the facts and circumstances surrounding the crime with which you are charged?

A: Yes, sir.

Q: Do you believe you have been fully advised by your attorney as to all aspects of your case, including your legal rights and the possible consequences of your plea?

A: Yes, sir.

Q: Did your attorney refuse to comply with any of your requests?

A: No, sir.

Q: Has your attorney answered all of your questions?

A: Yes, sir.

Q: Have you been given enough time to discuss the case with your attorney?

A: Yes, sir.

---

**2.** We do not consider movant's contentions contained in his unverified amended motion because it is a nullity. *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. banc 1990).

Q: Do you have any complaints or criticisms of your attorney?

A: None, none whatsoever.

Q: So you're satisfied with the services of your attorney?

A: Very satisfied.

. . . . .

Q: Do you understand that by pleading guilty, you are waiving all of the rights that we have just mentioned and that there will not be a trial?

A: Yes, sir.

. . . . .

Q: Has anyone threatened you, Mr. Balow, or intimidated you or mistreated you or any member of your family or in anyway forced you to plead guilty against your will?

A: No, sir.

. . . . .

Q: In view of all that you have stated this afternoon, are you admitting that you are guilty of each and every charge brought against you?

A: Yes, sir.

■ Movant also contends that the motion court erred by dismissing his Rule 24.035 motion to vacate without providing any findings of fact and conclusions of law. Although, Rule 24.035(i) requires that: "[t]he [motion] court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held," no error will result for failure to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or on claims not properly raised in the context of a Rule 24.035 proceeding. *Kennedy v. State,* 771 S.W.2d 852, 855 (Mo.App.1989); *McDonald v. State,* 758 S.W.2d 101, 104 (Mo.App.1988).[3] Findings and conclusions will be found sufficient if the reviewing court is permitted a meaningful review to determine the correctness of the motion court's ruling. *Malone v. State,* 747 S.W.2d 695, 698 (Mo.App. 1988).

---

**3.** Authority cited interprets Rule 27.26, repealed 1986, but is the predecessor of the current Rule 24.035.

■ We find the rule contained in *Townsend v. State,* 740 S.W.2d 328, 329 (Mo. App.1987) to be controlling. In that case, the motion court had not issued its own findings of fact and instead adopted verbatim the state's motion to dismiss, which contained findings and conclusions movant had not raised. This practice is not per se clearly erroneous but should be avoided and under the facts in *Townsend* was insufficient. *See Leady v. State,* 714 S.W.2d 221, 222 (Mo.App.1986). The *Townsend* court did not remand the case, ruling that such an order would be of no benefit to the movant, because he had raised claims that were unsupported by substantive evidence.

■ Here, the motion court did not provide a sufficient set of findings and conclusions to comply with Rule 24.035(i), but ordering a remand in this case would not benefit the movant in any way as his claims are clearly refuted by the record.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.