**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Rodney CLAYTON,
Defendant/Appellant.**

**Rodney CLAYTON, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60195, 61366.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 9, 1993.

S. Paige Canfield, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

A jury convicted defendant of one count of first degree murder and one count of armed criminal action in violation of §§ 565.020 and 571.015, RSMo 1986. He was sentenced to life imprisonment without possibility of parole and life imprisonment consecutively. He now appeals that judgment, as well as the denial of his Rule 29.15 motion.

On appeal, defendant raises fourteen points of error. We remand for a hearing on defendant's *Batson* challenge. In all other respects, including the denial of his Rule 29.15 motion, we affirm the judgment of the trial court.

### I. Background

Defendant does not challenge the sufficiency of the evidence. On the morning of May 13, 1990, victim's body was discovered at the abandoned tavern where she lived. She was found lying on the floor, nude from the waist down, with wounds to her head and neck, and an electrical cord around her neck.

When police first interviewed defendant, he denied murdering victim. However, when police interviewed defendant a second time, he confessed. Defendant later made a detailed videotaped confession of the crime.

## II. *Batson* Challenge

Defendant, a black man, alleges the trial court erred in overruling his *Batson* motion "where the court based its determination on the final composition of the jury, without considering, or requiring the State to provide, the reasons for the State's use of five [of its six] peremptory strikes against black venirepersons...." The State has joined defendant in requesting a remand for a *Batson* hearing. We agree.

In response to defendant's *Batson* challenge, the trial court inquired as to the composition of the jury after the strikes. The court determined that five caucasians and seven African–Americans remained on the jury.

Counsel for the State then commented that "no prima facie case has been shown in regard to *Batson*. ... I have race neutral reasons and I decline to give them because there is no prima faci[e] case made." The State based its refusal to give race-neutral reasons on the composition of the jury panel after the strikes. The trial court overruled defendant's *Batson* objection without requiring the State to disclose its reasons for the strikes.

In *State v. Antwine*, 743 S.W.2d 51, 64 (Mo.banc 1987), our supreme court directed "trial judges to consider the prosecutor's explanations as part of the process of determining whether a defendant has established a prima facie case of racially discriminatory use of peremptory challenges." Here, the State erroneously refused to disclose its reasons for its strikes. The trial court erred in not requiring the State to give explanations.

In *State v. Parker*, 836 S.W.2d 930, 934 (Mo.banc 1992), our supreme court reiterated that the State "must give race-neutral reasons for the challenged peremptory strikes." These reasons must be given regardless of "the presence of African–Americans on the defendant's jury" or "the state's failure to use all of its strikes to remove African–American venirepersons." *Id.* at 940.

## III. Other Issues

We have considered the other thirteen points defendant has raised. No jurisprudential purpose would be served by a written opinion. Therefore, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision.

This case is remanded to the trial court for a hearing to determine whether the State used its strikes in a discriminatory manner. The trial court shall certify to this court a record of its proceeding. In all other respects, the judgment is affirmed in accordance with Rule 30.25(b).

CRANDALL, P.J., and PUDLOWSKI, J., concur.