**Edward BARRY, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 75146.**

Supreme Court of Missouri,
En Banc.

March 23, 1993.

---

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes IV, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Movant Edward Barry, Jr., appeals the denial of his motion for post-conviction relief pursuant to Rule 24.035. Because of a conflict with other decisions of the court of appeals, this Court granted transfer. *Rule 83.03.* The judgment is reversed and remanded.

On November 14, 1990, movant Barry pled guilty to having stolen six women's wallets from a Famous–Barr Department Store. Because the information alleged that he had previously been convicted of the crime of stealing two times, the offense was a class C felony. *§ 570.040.*[1] Movant was sentenced to seven years imprisonment. *§ 558.011.1(3).*

Barry sought relief under Rule 24.035. His motion, as amended, alleges that the information against him was defective for failing to charge any offense, the information and sentencing violated double jeopardy, the seven year sentence was too harsh, proper jail time credit was not granted, and the time limits of Rule 24.035 are unconstitutional. The state filed a motion to dismiss. Following a hearing on the motion, the court filed a memorandum which stated as follows:

> Cause called on respondent's motion to dismiss. Counsel for movant and respondent orally argued the motion. The Court sustains respondent's motion to dismiss. The Court denies movant's request for an evidentiary hearing. Movant to be returned to Department of Corrections forthwith. SO ORDERED.

■ The issue presented here is whether there has been sufficient compliance with Rule 24.035(i). It requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or

---

**1.** All references to statutes are to RSMo 1986, unless otherwise noted.

not a hearing is held." Appellate review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Rule 24.035(j)*. The findings of fact and conclusions of law must be sufficiently specific to allow meaningful appellate review.

The plain language of the rule dictates that the motion court is required to issue findings of fact and conclusions of law whether or not a hearing is held in order for appellate review. Under nearly identical provisions of predecessor Rule 27.26(i) and (j), this Court held that findings of fact and conclusions of law were required. "A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with Rule 27.26(i). Nor will findings and conclusions be supplied by implication from the trial court's ruling." *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978).

One recognized exception is that findings of fact are not required where the only issue confronting the motion court is one of law. *Williams v. State*, 744 S.W.2d 814, 817 (Mo.App.1987). That exception is inapplicable because here the motion court's order did not even contain conclusions of law. Another recognized exception is that if a hearing is granted on a post-conviction motion and no substantial evidence is presented at the hearing to support one of the movant's allegations, then the motion court is not required to issue findings of fact and conclusions of law on that allegation. *State v. Hunter*, 840 S.W.2d 850, 864 (Mo. banc 1992); *Burton v. State*, 817 S.W.2d 928, 930 (Mo.App. 1991); *W.F.W. v. State*, 779 S.W.2d 724, 725 (Mo.App.1989); *Gawne v. State*, 729 S.W.2d 497, 501 (Mo.App.1987). However, that exception is not applicable in this case because here no hearing was granted.

Nevertheless, the state argues that the motion court complied with Rule 24.035(i) because the trial court's ruling adopted the state's motion to dismiss as its findings of fact and conclusions of law. The state relies on *Balow v. State*, 796 S.W.2d 643 (Mo.App.1990). *Balow* is in direct conflict with at least two recent court of appeals cases, *Brown v. State*, 810 S.W.2d 716, 718 (Mo.App.1991), and *Rogers v. State*, 810 S.W.2d 125 (Mo.App.1991).

While *Balow* is similar to the case here, it relied on *Townsend v. State*, 740 S.W.2d 328 (Mo.App.1987), as controlling authority. In *Townsend* it was held that the motion court's verbatim adoption of the wording of the state's motion to dismiss was not per se erroneous but should be avoided. *Townsend* is distinguishable because in *Balow* and here, the motion court did not expressly adopt any of the wording of the motion to dismiss. The only basis for concluding the motion court adopted the state's motion to dismiss is to imply that from the motion court's ruling.

*Balow* goes further than *Townsend* and violates the plain language of Rule 24.035(i) and the direction in *Fields* that findings of fact and conclusions of law could not be supplied by implication from the trial court's ruling. For that reason, *Balow* is overruled. The motion court must issue findings of fact and conclusions of law in accordance with Rule 24.035(i). In addition, motion courts are discouraged from following the practice criticized in *Townsend* of adopting the wording of the state's motion to dismiss by reference.

Other issues are raised. However, until the circuit court has entered proper findings of fact and conclusions of law which are sufficiently specific to allow meaningful appellate review, those issues cannot be reached. The judgment is reversed and the cause is remanded for the trial court to comply with Rule 24.035(i).

All concur.