Brian **MOORE**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 64876.

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1994.

Tamara Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant pled guilty to first degree robbery, armed criminal action, and felonious restraint. The court found Movant's plea was entered voluntarily and sentenced him to 30 years' imprisonment for first degree robbery, 30 years' imprisonment for armed criminal action, and 20 years' imprisonment for felonious restraint, with sentences to run concurrently.

Movant filed a Rule 24.035 motion alleging his guilty plea was entered involuntarily due to ineffective assistance of counsel. In response, the State filed a motion to dismiss. On September 10, 1993, the motion court

sustained the State's motion to dismiss. The motion court noted its ruling on the State's motion and made a docket entry. No further findings of fact or conclusions of law were made.

On appeal, Movant alleges the motion court clearly erred in dismissing his Rule 24.035 motion without issuing any findings of fact and conclusions of law. The State concedes a remand is mandated by the Missouri Supreme Court's holding in *Barry v. State*, 850 S.W.2d 348 (Mo. banc 1993). We agree. In *Barry*, the Missouri Supreme Court stated, "The plain language of [Rule 24.035(i) ] dictates that the motion court is required to issue findings of fact and conclusions of law whether or not a hearing is held in order for appellate review." *Id.* at 350[1].

Movant's ineffective assistance of counsel claim cannot be considered until the motion court has entered findings of fact and conclusions of law which are sufficiently specific to allow for meaningful appellate review. *Id.*

The judgment is reversed and remanded in order for the motion court to comply with Rule 24.035(i).

CRANDALL, P.J., and REINHARD, J., concur.