STATE of Missouri, Respondent,

v.

Stanley BURKS, Appellant.

Stanley BURKS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 69213, 71113.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1997.

Nancy Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, P.J., and CRANDALL and KAROHL, JJ.

PER CURIAM.

Defendant appeals from the judgment entered after a jury found him guilty of assault of a law enforcement officer in the second degree and armed criminal action. Defendant was sentenced to concurrent terms of thirty years imprisonment. Defendant also appeals from the judgment denying, without

an evidentiary hearing, his amended Rule 29.15 motion for post-conviction relief. We affirm in part, reverse in part and remand.

Defendant raises four points on appeal. In his first two points, defendant challenges the judgment entered on his convictions. No jurisprudential purpose would be served by an extended written opinion and these points are denied. Rule 30.25(b).

Defendant argues in his third point that the motion court erred in denying, without an evidentiary hearing, the claim in his amended Rule 29.15 motion that trial counsel rendered ineffective assistance by failing to investigate and present certain evidence. The findings of fact and conclusions of law of the motion court are not clearly erroneous. An extended written opinion would have no precedential value and defendant's third point is denied. Rule 84.16(b).

Defendant argues in his fourth point and the State concedes that the motion court erred in not issuing findings of fact and conclusions of law for the claims raised in defendant's pro se Rule 29.15 motion. Defendant raised twenty-seven "grounds" for relief in his pro se motion. After filing his pro se motion, counsel was appointed. An amended motion was filed incorporating by reference defendant's pro se motion.[1] The motion court issued findings and conclusions for the claims raised in defendant's amended motion except for defendant's pro se claims.

 "Subject to certain exceptions, a motion court must issue findings of fact and conclusions of law on all issues presented." *White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997)(citing *Barry v. State,* 850 S.W.2d 348, 349–50 (Mo. banc 1993); Rule 29.15(i)). However, "not every failure to enter a finding of fact or a conclusion of law requires reversal and remand." *Id.* (citation omitted). A finding of fact is not required where the only issue is one of law. *Id.* "In addition, an

appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." *Id.*

The present case is not one where the motion court failed to address an isolated issue. Defendant raised twenty-seven "grounds" in his pro se motion. In addition, although there are claims in defendant's pro se motion where the only issue is one of law, others require findings of fact.[2] Under these circumstances, the cause is remanded for the motion court to issue findings of fact, where appropriate, and conclusions of law for the claims raised in defendant's pro se motion.

The judgment as to defendant's convictions is affirmed. The judgment as to defendant's Rule 29.15 motion is affirmed for the claims in defendant's amended motion for which the court issued findings of fact and conclusions of law and reversed and remanded for the claims raised in defendant's pro se motion.

---

1. Rule 29.15(g) now provides that an "amended motion shall not incorporate by reference material contained in any previous motion." This provision was part of the amendments to Rule 29.15 that became effective January 1, 1996. It is inapplicable to the present case because defendant was sentenced prior to January 1, 1996. *See* Rule 29.15(m).

2. In *Barry,* the Court held that findings of fact are not required where the only issue confronting the motion court is one of law but that this exception is inapplicable if the motion court's order does not provide conclusions of law. *Barry,* 850 S.W.2d at 350.