**Stanley BURKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74020.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 23, 1999.

Mary S. Choi, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Assistant Attorney General, Jefferson City, for respondent.

Before: JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J. and RICHARD B. TEITELMAN, J.

***ORDER***

PER CURIAM.

Stanley Burks (Movant), who was originally charged with one count of assault of a law enforcement officer in the first degree and one count of related armed criminal action, was convicted by a jury of one count of assault of a law enforcement officer in the second degree and one count of related armed criminal action. Movant now appeals from the judgment denying his pro se Rule 29.15 motion for post-conviction relief.[1]

On appeal, Movant contends the motion court erred in denying claims that his trial counsel (1) was ineffective for failing to allow him to testify at trial, (2) was ineffective for failing to successfully pursue discovery of police internal affairs department reports concerning the shooting incident in question, and (3) was ineffective for failing to object to

---

1. This Court has previously affirmed the underlying judgment and sentence in the direct appeal of Movant's criminal case, as well as the motion court's denial of the claims raised in Movant's *amended* motion for post-conviction relief. See *State v. Burks*, 952 S.W.2d 319 (Mo.App. E.D. 1997).

submission of instructions on the lesser-included offense of assault of a law enforcement officer in the second degree.

We have reviewed the briefs of the parties and the record on appeal. The record at the evidentiary hearing held on Movant's *pro se* Rule 29.15 motion, and the testimony of Movant's former trial counsel at that hearing, strongly supports the trial court's finding that counsel did *not* refuse to allow Movant to testify at trial, but rather that Movant willingly and freely *chose* not to testify at trial as a matter of trial strategy. In all other respects as well, the motion court's judgment is based on findings of fact which are amply supported by the record and which more than satisfy the standard of review required by Rule 29.15(k). No error of law appears. An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).