Dewarren FOUNTAIN–BEY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76186.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 28, 1999.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rebecca Martin Rivers, Asst. Atty. Gen., Jefferson City, for respondent.

## OPINION

PER CURIAM.

Dewarren Fountain-Bey (Movant) appeals the judgment denying his Rule 24.035 motion for post-conviction relief. We reverse and remand.

On October 5, 1992, Movant pleaded guilty to first degree burglary in violation of section 569.160, RSMo 1994, and attempted felony stealing in violation of sections 564.011 and 570.030, RSMo 1994. The court deferred sentencing for a presentence investigation. Movant failed to appear for sentencing and the court issued a warrant for his arrest. On July 17, 1997, Movant appeared for sentencing. At that time, the trial court sentenced him to fifteen years for first degree burglary and a concurrent term of five years for attempted felony stealing.

Movant filed a timely *pro se* motion for post-conviction relief under Rule 24.035.

Appointed counsel filed an amended motion alleging a violation of Movant's right to due process of law in that: (1) the prosecutor breached the plea agreement by recommending concurrent terms of 15 years' imprisonment and five years' imprisonment and opposing probation at sentencing which was at odds with the plea agreement that induced his guilty plea; and (2) the trial court failed to allow Movant an opportunity to withdraw his guilty plea as required by Rule 24.02 after rejecting the State's prior plea agreement. Movant alleged that as a result, his guilty plea was involuntary and if he had known the court would not follow the State's original plea agreement, then he would not have pleaded guilty in 1992.

On April 1, 1999, the motion court entered an order summarily denying Movant's motion. The court did not issue any findings of fact and conclusions of law. The order stated:

This court, having reviewed petitioner's request for an evidentiary hearing on his pro se and amended 24.035 motions, denies the same for the reason that the court determines that the motion, the files, and records of the case conclusively show movant is entitled to no relief.

NOW THEREFORE, movant's pro se and amended Rule 24.035 motions are DENIED without an evidentiary hearing.

Movant now appeals.

In his first point on appeal, Movant contends the motion court clearly erred in failing to issue specific findings of fact and conclusions of law on the points raised in his Rule 24.035 motion.

Rule 24.035(i) provides that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." In the past, our courts have held that a mere statement that the motion, record and files conclusively show no entitlement to post-conviction relief is insufficient for appellate

review. *State v. Gabbard,* 913 S.W.2d 362, 364–65 (Mo.App. E.D.1996); *Brown v. State,* 810 S.W.2d 716, 717 (Mo.App.1991).

However, our courts have also recognized some exceptions to this rule. In *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993), the Missouri Supreme Court noted two exceptions to the requirement. First, findings of fact are not required where the only issue confronting the motion court is one of law. *Id.* Second, if no substantial evidence is offered at the hearing to support one of the movant's allegations, then the motion court is not required to issue findings of fact and conclusions of law on that allegation. *Id.* Neither one of these exceptions applies in the case at hand.

In *White v. State,* 939 S.W.2d 887, 903 (Mo. banc 1997), the Supreme Court noted a third exception. In that exception, an appellate court is not required to order a "useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." *Id.* The State asserts this exception applies to Movant's case.

We cannot say this exception applies in Movant's case. In *White,* the motion court had simply failed to provide a conclusion of law on one allegation, but made extensive and specific findings and conclusions of law on all other claims. *Id.; See also, State v. Burks,* 952 S.W.2d 319, 320 (Mo.App. E.D.1997). Here, we are not dealing with a simple case of the motion court's failure to enter a proper conclusion of law on an isolated issue overlooked by the court. Rather, the motion court made no findings of fact nor conclusions of law on any of Movant's allegations. If this court furnished the necessary findings and conclusions, appellate review would be impliedly de novo and impermissible in the face of the unequivocal mandate of Rule 24.035(i). *See, Oliver v. State,* 936 S.W.2d

242, 244 (Mo.App. S.D.1996). Point granted.

Because of our decision in point one, we may not address Movant's second point until the motion court has issued findings of fact and conclusions of law. The judgment is reversed and the cause remanded for the motion court to comply with Rule 24.035(i).