Rodney **CLAYTON**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. ED 84929.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 17, 2005.

Edward S. Thompson, Assistant Public Defender, St. Louis, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Rodney Clayton ("Movant") appeals from the judgment of the circuit court denying his post-conviction motion for DNA testing without an evidentiary hearing. Because we hold that the motion court clearly erred when it failed to issue findings of fact and conclusions of law, we reverse and remand.

### Statement of the Facts and Proceedings Below

On the morning of May 13, 1990, the owner of a vacant tavern discovered the body of Norma Graves ("Victim"), a woman who had been living in the apartment above the tavern, nude from the waist down, with blood smeared around her vaginal area. Victim had an electrical cord wrapped around her neck and a massive head injury. Blood covered Victim's front and hands and bloody footprints surrounded her dead body as did broken glass and wood pieces from broken chairs. Investigation later revealed that Victim's skull and facial bones were extensively fractured and that Victim suffered numerous cut and stab wounds, some of which contained glass fragments. Vaginal and thigh smears revealed the presence of sperm heads.

Days later, police escorted Movant to the police station for questioning. When officers realized that tread from tennis shoes that they seized from Movant matched the bloody footprints found on Victim's shirt, police interviewed Movant a second time. During the second interview Movant cried and stated that he needed to tell the truth.

Movant revealed that on the morning of the murder, he gave Victim $200.00 to buy cocaine for him. According to Movant, Victim left the tavern with the money but returned without either the money or the cocaine. Movant then told Victim he was going to take her television at which point Victim tried to put an extension cord around Movant's neck. Movant admitted that he took the extension cord from Victim, put it around her neck and strangled her until she bled from the mouth. When Movant released Victim, she swung a bottle at him. Movant took the broken bottle from Victim and proceeded to stab her numerous times. Movant then hit Victim several times over the head with a chair and ran from the tavern.

Movant was charged with one count of murder in the first degree and one count of armed criminal action. In its case, the State called numerous witnesses and played Movant's videotaped confession for the jury. Movant did not testify on his own behalf and called no witnesses to testify in his defense. At the close of evidence, the jury found Movant guilty of both offenses as charged. The court sentenced Movant, as a prior offender, to life imprisonment without the possibility of parole and life imprisonment consecutively.

Movant filed a Rule 29.15 motion for post-conviction relief, which the motion court denied after an evidentiary hearing. Movant appealed both his conviction as well as the motion court's denial of his Rule 29.15 motion. We affirmed the denial of Movant's post-conviction motion, affirmed the judgment of the trial court and remanded Movant's case for an evidentiary hearing on his Batson[1] claims in State v.

---

1. "Batson" refers to Batson v. Kentucky, 476     U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69

*Clayton,* 849 S.W.2d 259 (Mo.App. E.D. 1993). We later affirmed Movant's convictions and sentences in *State v. Clayton,* 891 S.W.2d 551 (Mo.App. E.D.1995).

In January of 2003, Movant filed a *pro se* post-conviction motion for DNA testing pursuant to Section 547.035, RSMo Supp. 2001. Specifically, Movant alleged that: (1) evidence collected in connection with the crimes for which he was convicted still existed; (2) that evidence was not previously tested because DNA technology was not in existence at the time of trial; (3) there is a reasonable probability that Movant would not have been convicted if exculpatory results had been obtained through DNA testing. Pursuant to Section 547.035.4, the motion court ordered the State to show cause why DNA testing should not be conducted. Thereafter, the State filed a Motion to Dismiss alleging that Movant failed to state a claim for which relief could be granted under Section 547.035. Specifically, the State argued, *inter alia,* that circumstantial evidence of guilt was strong, and: (1) DNA testing was reasonably available at the time of trial; (2) identity was not an issue at trial because Movant alleged self-defense; (3) an exculpatory result from the DNA test would not exonerate Movant because, as a prostitute, Victim likely had other men's DNA on her person; and (4) a DNA test result that fails to match Movant's profile could be the result of Movant wearing a condom.

Appointed counsel filed a response on behalf of Movant arguing that: (1) the availability of testing and technology in 1991 was a question of fact, which is the proper subject of a hearing; (2) identity was an issue at trial; and (3) because the State argued that the Victim died in a sex-related homicide, an exculpatory result from the DNA test might have exonerated Movant.[2]

The motion court issued its Order denying Movant's motion and request for hearing. This appeal followed.

### Standard of Review

■ Our review of the motion court's denial of a post-conviction motion for DNA testing is limited to a determination of whether the findings of facts and conclusion of law are clearly erroneous. *Weeks v. State,* 140 S.W.3d 39, 43–44 (Mo. banc 2004). "The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.*

### Discussion

■ In his first point, Movant contends that the motion court clearly erred when it denied his post-conviction motion for DNA testing without an evidentiary hearing. In his second, closely related point, Movant alleges that the motion court clearly erred when it denied his request for DNA testing without issuing findings of fact and conclusions of law in violation of Section 547.035.8 [3] In its combined response, the State argues that: (1) the motion court properly denied Movant's motion for DNA testing because Movant failed to satisfy the statutory prerequisites for a hearing in that Movant failed to demonstrate a reasonable probability that he would not have

(1986).

**2.** Although the State argued that Victim was murdered in a sex-related homicide, rape was not charged.

**3.** Section 547.035.8 specifically provides, "[t]he court shall issue findings of fact and conclusions of law whether or not a hearing is held."

been convicted if a DNA test were performed; and (2) a remand for more precise findings of fact and conclusions of law would be futile. Because our resolution of Movant's second point is dispositive, we need not address Movant's first point.

By way of background, we note that Section 547.035 provides a mechanism by which a person committed to the department of corrections may request post-conviction DNA testing to demonstrate innocence of the crime for which he or she has been convicted and incarcerated. A person seeking post-conviction DNA testing must file a motion with the sentencing court seeking DNA testing and alleging:

(1) There is evidence upon which DNA testing can be conducted; and

(2) The evidence was secured in relation to the crime; and

(3) The evidence was not previously tested by the movant because:

  (a) The technology for the testing was not reasonably available to the movant at the time of the trial;

  (b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or

  (c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and

(4) Identity was an issue in the trial; and

(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.

Section 547.035.2.

In accordance with Section 547.035, Movant filed his *pro se* post-conviction motion for DNA testing alleging that: (1) evidence collected in connection with the crimes for which he was convicted still existed; (2) that evidence was not previously tested because DNA technology was not in existence at the time of trial; (3) there is a reasonable probability that Movant would not have been convicted if exculpatory results had been obtained through DNA testing. Movant marked a box indicating that identity was not an issue at his trial, however this notation contradicts other specific allegations in his *pro se* motion.

In response to Movant's motion for post-conviction relief and in accordance with Section 547.035.4, the motion court ordered the State to show cause why DNA testing should not be conducted. In response to the motion court's show cause order, the State filed a Motion to Dismiss alleging that Movant failed to state a claim for which relief could be granted under Section 547.035. Specifically, the State argued, *inter alia*, that circumstantial evidence of guilt was strong, and: (1) DNA testing was reasonably available at the time of trial; (2) identity was not an issue at trial because Movant argued self-defense; (3) an exculpatory result from the DNA test would not exonerate Movant because, as a prostitute, Victim likely had other men's DNA on her person; and (4) a DNA test result that fails to match Movant's profile could be the result of Movant wearing a condom.

Appointed counsel filed a response on behalf of Movant contending that: (1) the availability of testing and technology in 1991 was a question of fact, which is the proper subject of a hearing; (2) identity was an issue at trial; and (3) because the State argued that the Victim died in a sex-related homicide, an exculpatory result from the DNA test might have exonerated Movant.

In its Order denying Movant's motion and request for hearing, the motion court held:

> This Court now having carefully considered Respondent State of Missouri's Motion to Dismiss, Petitioner's Response to Respondent's Motion to Dismiss, and argument of counsel, finds that Respondent/Movant's motion and the files and records of the case conclusively show that Petitioner/Movant is not entitled to relief pursuant to Missouri Revised Statute § 547.035, and that a hearing shall not be held. It is further ordered that Respondent's Motion to Dismiss is sustained.

Movant argues that Section 547.035.8 requires the motion court to "issue findings of fact and conclusions of law whether or not a hearing is held." Accordingly, Movant asserts we must remand to the motion court for findings of fact and conclusions of law. In response, the State argues that remand would be futile because when the motion court stated that "the files and records of the case conclusively show that Petitioner/Movant is not entitled to relief," it made the precise finding required by Section 547.035.6 and, therefore, we have sufficient findings upon which to base our appellate review.[4]

Acknowledging that there are no Missouri cases analyzing and interpreting the findings of fact and conclusions of law requirement found in Section 547.035.8, both parties urge us to apply interpretations of similar language in Rules 29.15 and 24.035. To that end, both parties rely on *Crews v. State*, 7 S.W.3d 563, 567 (Mo. App. E.D.1999).

In *Crews*, the movant asserted that the motion court's denial of his Rule 29.15 motion for post-conviction relief without issuing findings of fact and conclusions of law on all allegations in the motion denied him meaningful appellate review. We found that there is no ambiguity in the requirement that the motion court issue findings of fact and conclusions of law on all issues in both Rule 24.035 and Rule 29.15 motions, and the "directive and its requirements are not a mere formality." *Id.* at 567.

■  Much like Rule 29.15(j), there is no ambiguity in Section 547.035.8 and its requirements are not a mere formality. Although there is no requirement that the motion court issue specific itemized findings of facts and conclusions of law, the findings of fact and conclusions of law must allow meaningful appellate review. *Crews*, 7 S.W.3d at 567. Absent findings explaining the motion court's actions we cannot discern the reasons for the motion court's decision and we are left with conclusory statements and nothing to review. *Id.* Moreover, we are not permitted to supplement the record by implication from the motion court's ruling. *Id.*

The State, relying on *Crews*, contends that not every failure by the motion court to issue the requisite findings of fact and conclusions of law requires reversal and remand. Specifically, the State references five exceptions to the findings of fact and conclusions of law requirement of Rules 29.15 and 24.035 and argues that we should apply these exceptions to Section 547.035

---

4.  Section 547.035.6 provides, "[i]f the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held. If a hearing is ordered, counsel shall be appointed to represent the movant if the movant is indigent. The hearing shall be on the record. Movant need not be present at the hearing. The court may order that testimony of the movant shall be received by deposition. The movant shall have the burden of proving the allegations of the motion by a preponderance of the evidence."

cases. Even assuming, *arguendo*, that these exceptions are generally applicable to Section 547.035 cases, none of the exceptions are applicable here.

The first exception provides that a remand for findings of fact is not necessary where the only issue is one of law. *Crews*, 7 S.W.3d at 568. Notably, however, if the only issue is one of law, the motion court must still enter its conclusion of law. *Id.* In this case, the motion court failed to enter either findings of fact or conclusions of law as to Movant's allegations. Accordingly, this exception does not apply.

The second exception provides that an appellate court should not issue a useless remand to direct the motion court to issue proper conclusions of law on an isolated issue that was merely overlooked by the motion court when it is clear that the movant is not entitled to relief as a matter of law and no prejudice will be suffered as a result of being denied such a remand. *Id.* However, this exception is reserved for instances where only one of many issues is merely overlooked. *Fountain–Bey v. State*, 24 S.W.3d 716, 718 (Mo.App. E.D. 1999). In this case, the motion court did not make findings of fact and conclusions of law on any of Movant's allegations.

The third exception provides that a remand is not necessary if at the hearing on the motion the movant failed to present sufficient evidence to support his allegation. *Crews*, 7 S.W.3d at 568. Here, it is undisputed that the motion court summarily dismissed Movant's motion without a hearing. As a result, this exception does not apply.

The fourth exception provides that a remand is not required to address issues that were improperly raised or not cogni-

zable in a post-conviction motion. *Id.* This exception is not applicable because issues in Movant's motion are properly before the court and cognizable in a post-conviction motion for DNA testing.

The fifth exception provides that a remand is not required for failure to issue findings of fact and conclusions of law if the motion itself was insufficient and thus ineffective. *Id.* We have reviewed Movant's motion for post-conviction DNA testing and, on its face, it complies with the pleading requirements of Section 547.035. Accordingly, this exception is inapplicable.

█ Moreover, contrary to the State's contention otherwise, in this case, a remand to the motion court would not be futile. While there is no exact formula that a motion court need follow in providing findings and conclusions of a motion court in a post-conviction proceeding, to be deemed sufficient, they must permit review of the judgment. *See Gilliland v. State*, 882 S.W.2d 322, 326 (Mo.App. S.D. 1994). We have reviewed the motion court's order and we cannot determine the basis for the motion court's ruling. Point granted.[5]

### Conclusion

The judgment of the motion court is reversed, and the cause is remanded for issuance of findings of fact and conclusions of law as required by Section 547.035.8.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

**5.** Because our resolution of this point is dispositive, we do not reach Movant's additional point.