STATE of Missouri, Respondent,

v.

Thomas J. WATERS, Jr., Appellant.

No. WD 65718.

Missouri Court of Appeals,
Western District.

Oct. 3, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 19, 2006.

Thomas J. Waters, Jr., Jefferson City, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., PAUL M. SPINDEN, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

### Facts and Procedural Background

In 1992, Mr. Thomas J. Waters, Jr., was convicted by a jury of forcible sodomy and sentenced to thirty years in prison. The facts underlying Mr. Waters' conviction indicate that he bound the victim with duct tape and performed oral sex on her in his truck and residence. She escaped and with her hands still taped behind her back, she entered the home of one of Waters' neighbors who then called the police. The victim was taken to a hospital where a rape kit was created and samples from her vagina were taken.

Mr. Waters appealed his conviction, which this Court affirmed in 1993.[1] In early 2004, Mr. Waters submitted a motion for DNA testing (First Motion), which was denied on April 27, 2004. He then moved for post-conviction DNA testing under section 547.035 and section 547.037[2] (Second Motion) in August 2004, claiming that a DNA test on samples taken from the rape kit will prove his saliva is not present and, therefore, he did not commit oral sodomy on the victim. Mr. Waters appeals from the motion court's denial of this motion.

### Standard of Review

A motion court's denial of a post-conviction motion is reviewed for clearly erroneous findings of fact and conclusions of law. *Weeks v. State,* 140 S.W.3d 39, 44

---

1. *State v. Waters,* 855 S.W.2d 413, 414 (Mo. App. W.D.1993).

2. All statutory references are to RSMo (2000) and the Cumulative Supplement (2005) unless indicated otherwise.

(Mo. banc 2004). "[F]indings [of fact] and conclusions [of law] are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *Id.*

## Point I

Mr. Waters claims his motion was sufficient under section 547.035 to require a "hearing, appointment of counsel, and testing of the evidence in question." However, Mr. Waters must satisfy the statute's motion requirements before these procedures can become available to him. § 547.035.1–.2.

A motion for post-conviction DNA testing must allege facts demonstrating: (1) that evidence exists on which DNA testing can be carried out, (2) that the evidence was secured in relation to the crime, and (3) that the evidence was not previously tested by the movant for any one of three reasons. § 547.035.2(1)-(3). Those reasons are (a) that the technology was not reasonably available at the time of trial; (b) that neither the movant nor his counsel was aware of the evidence at the time of the trial, or (c) that the "evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial." § 547.035.2(3). Additionally, the movant must allege facts showing that "[i]dentity was an issue in the trial" and that there is a reasonable probability that no conviction would have resulted if the DNA had presented exculpatory results. § 547.035.2(4)-(5).

Mr. Waters argues that the statute is disjunctive because it uses the word "or." "Or" as used in the statute only applies to a through c of subsection 2(3). Each of subsections 1–5, on the other hand, is connected by "and," and, therefore, each must be satisfied.

Mr. Waters has made no allegation, and examining the record none can be found, that identity was an issue in the case. In fact, he claimed as alternative defenses that the victim fabricated the story or that there was consensual sexual contact. Having failed to allege identity was an issue, his *motion for* post-conviction DNA testing is insufficient and relief cannot be granted. Because identity was not an issue at the trial, Mr. Waters cannot meet the standards set forth for a post-conviction DNA test, and we need not address the other issues Mr. Waters raised in the motion. Point denied.

## Point II

Mr. Waters further claims that we should remand to the motion court for a hearing because the findings of fact and conclusions of law issued by the court were insufficiently specific in explaining the court's reasons for denying Mr. Waters' motion. The motion court stated that "based upon the motion, the Court's files and the trial transcript, Movant is not entitled to the relief requested. In addition to the fact that Movant's [First Motion] was Denied by this Court on April 27, 2004, Movant's [Second Motion] does not provide any grounds upon which this Court may now order a D.N.A. test, which did not exist at the time of Movant's [First Motion]."

In response to a motion for post-conviction DNA testing, the motion court must "issue findings of fact and conclusions of law whether or not a hearing is held." § 547.035.8. The Eastern District has applied cases analyzing findings and conclusions under Missouri Supreme Court Rule 29.15, which also addresses post-conviction relief, because there were no cases analyzing and interpreting the findings of fact and conclusions of law provisions under section 547.035.8 for post-conviction requests for DNA testing. *Clayton v.*

*State,* 164 S.W.3d 111, 115 (Mo.App. E.D. 2005). Although "[t]he motion court is not required to issue itemized findings of facts and conclusions of law," the findings of fact and conclusions of law must allow meaningful appellate review. *Crews v. State,* 7 S.W.3d 563, 567 (Mo.App. E.D.1999). "Absent findings explaining the motion court's actions we cannot discern the reasons for the motion court's decision and we are left with conclusory statements and nothing to review. Moreover, we are not permitted to supplement the record by implication from the motion court's ruling." *Clayton,* 164 S.W.3d at 115 (*citing Crews,* 7 S.W.3d at 567).

The motion court in this case presented only conclusory statements in its conclusions of law, stating "based upon the motion, the Court's files and the trial transcript, Movant is not entitled to the relief requested." The motion court also indicated that the First Motion had already been denied by the court and that the Second Motion provided no new grounds for ordering a new DNA test that did not exist at the time of the First Motion. No specific reason for the denial is listed in the conclusions of law.

However, in *Crews,* the court listed five exceptions where insufficient findings of fact and conclusions of law need not cause the case to be remanded for new findings of fact and conclusions of law. One of the exceptions involves a deficient motion and, therefore, ineffective. *Clayton,* 164 S.W.3d at 116; *Crews,* 7 S.W.3d at 568. In this case the motion did not allege identity was an issue at the trial and, therefore, was insufficient. Hence, findings and conclusions were not required. Point denied.

### Conclusion

Mr. Waters' motion is deficient because he did not allege facts to satisfy the elements required by Missouri's post-convic-tion DNA testing statute. Specifically, since identity was not an issue at trial he is not entitled to a post-conviction DNA test under section 547.035. Furthermore, although the motion court's findings of fact and conclusions of law are insufficient for review, we do not remand because the post conviction motion was invalid pursuant to section 547.035.2. Accordingly, the motion court's decision denying Mr. Waters' motion for post-conviction DNA test is affirmed.

HAROLD L. LOWENSTEIN, P.J., and PAUL M. SPINDEN, J. concur.