Richard REBSTOCK, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29856.

Missouri Court of Appeals, Southern District, Division One.

Feb. 26, 2010.

Motion for Rehearing or Transfer Denied March 16, 2010.

Kent Denzel, Columbia, for appellant.

Chris Koster, Atty. Gen. and Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Richard Rebstock ("Movant") appeals the motion court's denial following an evidentiary hearing of his postconviction motion filed pursuant to Rule 24.035.[1] He asserts three points of motion court error. Point III is dispositive. We reverse and remand.

Movant was charged with one count of the class B felony of child molestation in the first degree, a violation of section 566.067, for subjecting his victim, who was less than fourteen years of age, to "sexual contact."[2] On December 22, 2005, Movant appeared with counsel, Eric Stryd ("Attorney Stryd"), and entered a negotiated guilty plea to the aforementioned charge. The State declared it was recommending that Movant "be sentenced to fifteen years in the Missouri Department of Corrections ..." and that the plea court "suspend execution of that sentence and place [him] on five years supervised probation under the usual written rules and conditions...." Movant was sentenced according to the plea agreement.

On June 30, 2006, a probation revocation hearing was held. The State maintained Movant had not complied with the terms of his probation. At the hearing, Movant admitted he had failed to attend certain required classes and that he had failed to report to his probation officer. The court revoked his probation and ordered execution of his fifteen year sentence.

An evidentiary hearing was held on Movant's postconviction relief motion on November 24, 2008. He was the sole wit-

---

1. All rule references are to Missouri Court Rules (2006).

2. All statutory references are to RSMo 2000.

ness to offer testimony. The State presented no evidence.

The motion court entered its "Judgment and Findings of Fact and Conclusions of Law" on March 19, 2009, in which it denied Movant's Rule 24.035 motion. This appeal by Movant followed.

■ We review Movant's points relied on out of order for the sake of judicial economy and efficiency. In his third point relied on, Movant asserts the motion court clearly erred in failing to enter specific findings of fact and conclusions of law relating to his allegation under Paragraph 8.b of his amended Rule 24.035 motion, that the plea court failed to advise him of the range of punishment for the offense to which he plead guilty, as required by Rule 24.02. *See* 566.067.2 and 558.011.1(2). He maintains the motion court only addressed the claims set out in Paragraph 8.a of his amended motion such that he was "deprived ... of the opportunity for meaningful appellate review ...." [3]

■ "Appellate review of an order sustaining or denying a motion for [postconviction] relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous." *Murta v. State*, 257 S.W.3d 671, 674 (Mo.App.2008); *see* Rule 24.035(k). "'The findings of the motion court are presump-

tively correct.'" *Id.* (quoting *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)). "The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.*

Rule 24.035(j) requires that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "There is no precise formula to which findings of fact and conclusions of law must conform." *Conway v. State*, 883 S.W.2d 517, 517 (Mo. App.1994).

In our review of the motion court's findings of fact and conclusions of law, while the motion court made certain findings relating to Movant's claim regarding ineffective assistance of plea counsel as set out in Paragraph 8.a of his amended motion, it is clear the motion court did not address Movant's claim as set out in Paragraph 8.b, which was that the *plea court* violated certain of Movant's constitutional rights when it "induced Movant['s] unknowing, unintelligent, and involuntary guilty plea by failing to inform Movant ..., on the record, the mandatory minimum penalty provided by law and the maximum possible penalty provided by law as required by Rule 24.02." [4]

---

**3.** Here, paragraph 8.a of the amended motion set out that

[p]lea counsel was ineffective for inducing Movant['s] ... unknowing, unintelligent, and involuntary guilty plea[] by failing to explain the rights that Movant ... would be giving up by entering a plea of guilty and by failing to generally discuss the plea procedures with Movant.... Plea counsel was ineffective for failing to adequately investigate whether the alleged victim in this case had recanted her story.

**4.** Rule 24.02(b) sets out that:

[e]xcept as provided by Rule 31.03, before accepting a plea of guilty, the court must

address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law....

We gratuitously note that "the requirements and procedures articulated in Rule 24.02 do not constitute an unalterable script that a court must follow before accepting a defendant's guilty plea." *Steinle v. State*, 861 S.W.2d 141, 143 (Mo.App.1993). Nevertheless, "the wisest course for the court accept-

The sole possible reference to Paragraph 8.b was the motion court's general finding and conclusion that "the evidence adduced by Movant failed to substantiate any of his substantive claims in his amended motion under 24.035." However, "Rule 24.035(j) mandates that the motion court make findings of fact as to all grounds for relief presented by a movant." *Watts v. State*, 206 S.W.3d 413, 417 (Mo.App.2006). The motion court did not do this in reference to Paragraph 8.b.

■ "The case law has recognized five circumstances under which the deficient findings and/or conclusions do not require reversal...." *Grimes v. State*, 260 S.W.3d 374, 375 (Mo.App.2008). These are where: (1) "the only issue before the court is one of law;" (2) the motion court conducts a hearing but there is no substantial evidence presented by the movant to support the allegation upon which the court failed to make findings; (3) the motion court "fails to 'issue a proper conclusion of law on an isolated issue' and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied;" (4) the issues "were not properly raised or are not cognizable in a [postconviction] motion;" and (5) "the motion itself was insufficient." *Id.* at 417–18.

■ It is our view that the only possible exception applicable to the instant matter which would exclude the motion court from making its requisite findings of facts and conclusions of law as to Paragraph 8.b is where "there has been an evidentiary hearing at which no substantial evidence is presented in support of a factual claim...." *State v. Hunter*, 840 S.W.2d 850, 864 (Mo. banc 1992). Under this foregoing circumstance "there is no error in failing to make a finding of fact or conclusion[ ] of law regarding a bare allegation in

ing a defendant's guilty plea may be to meticulously follow in detail the specific items

a [postconviction] motion." *Id.*; *see Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). Again, this is not the factual scenario which has unfolded in the instant matter. Here, there was an evidentiary hearing on Movant's postconviction relief motion and Movant presented his own testimony that the plea court failed to advise him of the minimum and maximum punishment attendant to the charge against him. Further, the motion court took judicial notice of the file, but the plea transcript is devoid of a showing that Movant had been informed of the range of punishment by the plea court. " 'Among the purposes of Rule 24.02 is the intention that the court be convinced that the defendant understand the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights.' " *State v. Taylor*, 929 S.W.2d 209, 216 (Mo. banc 1996) (quoting *Steinle*, 861 S.W.2d at 143). "The motion court must issue findings of fact and conclusions of law in accordance with Rule [24.035(j) ]." *Barry*, 850 S.W.2d at 350.

We recognize "[o]ther issues are raised." *Id.* "However, until the [motion court] has entered proper findings of fact and conclusions of law which are sufficiently specific to allow meaningful appellate review, those issues cannot be reached." *Id.* Point III has merit and is dispositive of this appeal.

The Judgment and Findings of Fact and Conclusions of Law is reversed and the cause is remanded for the motion court to comply with Rule 24.035(j). *Id.*

BATES, P.J., and BURRELL, J., concur.

enumerated by Rule 24.02." *Holland v. State*, 990 S.W.2d 24, 29 (Mo.App.1999).