Ricky V. BURTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 49866.

Missouri Court of Appeals,
Western District.

March 28, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Ricky Burton appeals from the denial, without evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. He alleges that the motion court clearly erred by not providing him with a complete record of the case or in not allowing him to file an amended motion. He further alleges that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law in denying the motion as this deprived him of the opportunity for meaningful appellate review. The state candidly concedes error in the failure to enter specific findings of fact and conclusions of law. The order of the motion court is reversed and the cause remanded.

On January 21, 1992, Burton was charged with sexual assault in the first degree, § 566.040, RSMo 1994. After a guilty plea, Burton was sentenced to five years imprisonment, the execution of which was suspended. He was placed upon probation for five years under the supervision of the Board of Probation and Parole. Subsequently, on August 18, 1992, Burton was charged with stealing over $150.00, § 570.030, RSMo 1994. He pled guilty to that charge and was sentenced to five years imprisonment.

On September 8, 1992, a probation revocation hearing was held on the sexual assault charge. The trial court revoked Burton's probation, finding him to be in violation of several conditions of that probation. Burton filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed and filed an "Affidavit of Counsel and Notice of Waiver of Amended Motion."

In his affidavit, counsel noted that transcripts on the proceedings concerning the stealing charge had not been provided. He reserved the right to file an amended motion after review of the transcript. On June 29, 1994, the motion court made a docket entry noting, "[t]he court after due consideration of the Motion filed finds that there is no reason for an evidentiary hearing and the motion is overruled." No findings of fact and conclusions of law were issued. Rule 24.035(i) unequivocally states that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held, within thirty days of the submission of the case." There is no ambiguity in this directive and its requirements are not a mere formality. *Brown v. State,* 810 S.W.2d 716, 717 (Mo.App.1991). An austere recital stating only that the motion was considered and overruled, such as was made by the motion court in the instant case, has been held to be insufficient for appellate review. *See Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993); *Holloway v. State,* 764 S.W.2d 163, 165 (Mo. App.1989). Appellate review of Rule 24.035 proceedings is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j). Were this court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in face of the unequivocal mandate of the Rule. *Brown,* 810 S.W.2d at 718.

Burton also raises issues concerning the missing transcript of his guilty plea on the stealing charge. He fails to explain any possible relevance of this transcript. It is impossible, however, to review this issue without having the findings and conclusions of the motion court before us. We note that Rule 24.035 contains no requirement that a transcript be provided before an amended motion is filed. A review of the record shows that counsel waived filing of an amended motion subject to seeing the transcript in question and that it appears that no further relief was sought after the waiver was filed. It also appears that the judge in both underlying criminal cases is the same judge who ruled upon the motion and that he was thus familiar with the circumstances of the plea agree-

ments. However, we are unable to discern the basis for the trial court's ruling.

The judgment of the motion court is reversed and the cause remanded for consideration of Burton's post-conviction motion pursuant to Rule 24.035.

All concur.