**Tracy OLIVER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 20911.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 30, 1996.

---

Gary E. Brotherton, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jacqueline K. Hamra, Assistant Attorney General, Jefferson City, for respondent-respondent.

BARNEY, Presiding Judge.

Tracy Oliver (Movant) appeals the denial of his Rule 24.035[1] motion without an evidentiary hearing. Movant pleaded guilty to two counts of selling a controlled substance in violation of § 195.211, RSMo Cum.Supp.1992. Pursuant to the plea agreement, Movant was sentenced to ten years on each count, to run concurrently.[2] Movant filed his *pro se* Rule 24.035 motion on July 25, 1995. An amended motion expanded upon two of the claims contained in Movant's *pro se* motion and incorporated by reference[3] the remaining grounds.

Movant raises two points on appeal. First, he alleges that the motion court erred in not issuing specific findings of fact and conclusions of law as to the allegations contained in Movant's Rule 24.035 *pro se* and amended motions. Second, Movant contends that the motion court erred in denying his motion without an evidentiary hearing because it alleged facts unrefuted by the record which entitled him to relief, in that plea counsel failed to investigate a witness about whom they were aware through discovery. We conclude that Movant's first point is well taken and is dispositive herein.

In review of Movant's first point, the record shows that on March 18, 1996, a Notice was sent to the parties that the court had made the following docket entry:

Movant appears in person and with his attorney, Gwenda R. Robinson. Respondent appears by Teresa Bright–Pearson, Prosecuting Attorney. Court grants Movant's Motion *only* as to vacating the sentence in CR194–45F. All other parts of Movant's Motion are DENIED.[4]

In ruling on a postconviction relief motion, the court is required to make specific findings of fact and conclusions of law on all issues presented regardless of whether or not an evidentiary hearing is held. Rule 24.035(i); *State v. Gabbard*, 913 S.W.2d 362, 364–65 (Mo.App.1996). "There is no ambiguity in this directive and its requirements are not a mere formality." *Burton v. State*, 895 S.W.2d 648, 649 (Mo.App.1995). A mere recital or statement that the motion, files and record conclusively refute Movant's claim for

---

1. All rule references are to Missouri Rules of Criminal Procedure (1995).

2. For purposes of clarity, the sentencing procedure relating to CR194–45F, pertinent herein, is described below.

3. Effective January 1, 1996, this procedure is no longer permitted. *See* Rule 24.035(g), Missouri Rules of Civil Procedure (1996).

4. Movant was originally sentenced on April 27, 1995. The transcript shows that at that time the sentencing judge erroneously pronounced sentence as "[t]en years in the Missouri Department of Corrections, credit for time spent." The trial judge failed to add that the sentence on each count was to run concurrently, as per plea bargain agreement. It is noted that nowhere, either in Movant's *pro se* or amended motion, did Movant seek a vacation of his judgment on the basis of an erroneous pronouncement of sentence. However, at a hearing conducted on March 14, 1996, the motion court announced its intent to deny Movant's 24.035 motion without an evidentiary hearing, and then vacated the original sentence for the sole purpose of entering a corrected sentence. A new sentence and judgment of the trial court was filed on the same date.

relief will not suffice nor will findings and conclusions be supplied by implication from the motion court's ruling. *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). While it is true that findings of fact are not required if the issue is only one of law, that exception does not apply where the motion court has also failed to issue conclusions of law. *Id.; Macke v. State,* 867 S.W.2d 703, 704 (Mo.App.1993).

Appellate review of Rule 24.035 proceedings is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(j). "An austere recital stating only that the motion was considered and overruled ... has been held to be insufficient for appellate review." *Burton,* 895 S.W.2d at 649. "Obviously, without findings or conclusions, that is, an exposition of the bases for the trial court's action, the trial court leaves the reviewing court in the dark as to the reason for the trial court's action and presents nothing of substance to review." *Holloway v. State,* 764 S.W.2d 163, 165 (Mo. App.1989). "Were this court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in the face of the unequivocal mandate of the Rule." *Burton,* 895 S.W.2d at 649; *see also Brown v. State,* 810 S.W.2d 716, 718 (Mo.App.1991).

The docket entry made by the motion court in this case contains no findings of fact and conclusions of law. Therefore, we are unable to discern the bases for the trial court's ruling on Movant's motion and meaningful appellate review is not possible.

The judgment is reversed and the case is remanded to the motion court for purposes of compliance with the mandate of Rule 24.035(i).

GARRISON and PREWITT, JJ., concur.