STATE of Missouri, Respondent,

v.

Mark DEPROW, Appellant.

Mark DEPROW, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 20097, 20688.

Missouri Court of Appeals, Southern District, Division One.

Jan. 15, 1997.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial, Appellant was convicted of assault in the first degree and sentenced to twelve years in prison. He appeals from that conviction. Thereafter, Appellant filed a motion for postconviction relief, pursuant to former Rule 29.15. Following an evidentiary hearing, the motion was denied. Appellant appealed from the denial of his motion, and the appeals were consolidated. Rule 29.15(*l*).[1]

The charge resulted from an incident occurring on June 19, 1994. On that afternoon, Cletus Counts, Jr. was helping Ami Hooper, the victim, move her belongings into a trailer. Appellant went inside and asked Counts to return $150.00 that Counts had previously borrowed. Counts said he did not have it, and an argument ensued between the two.

1. As appellant was sentenced on February 14, 1995, and his postconviction motion was filed on June 7, 1995, Rule 29.15, then in effect, governs. Rule 29.15(m). The rule was amended effective January 1, 1996.

Thereafter, Appellant swung his fist at Counts but missed. Hooper then shoved Appellant backwards, telling him to leave the trailer. Appellant then pushed her back and told her to "stay out of it," as the dispute was "none of her business." He then struck Hooper in the mouth. Hooper lost her teeth, received "about forty-seven stitches," and underwent surgery to re-attach her teeth. Her jaw was also slightly fractured. At the time of the trial, her teeth were crooked and loose as a result of the blow.

Appellant's first point essentially has two arguments, contending that the trial court erred (1) by failing to instruct the jury on "sudden passion," and, (2) by failing to include an instruction on second-degree assault. Both contentions are premised on the assertion that the evidence showed that Appellant was acting under sudden passion arising out of adequate cause. Thus, the question is whether there was sufficient evidence by which the jury could have found that Appellant acted under the influence of sudden passion arising out of adequate cause. These terms are defined in § 565.002, RSMo 1994, as follows:

"Adequate cause" means cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control.

. . . .

"Sudden passion" means passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation.

■■■ Words alone, no matter how opprobrious or insulting, are not sufficient to show adequate provocation. *State v. Fears*, 803 S.W.2d 605, 609 (Mo. banc 1991). Appellant started the disturbance in the victim's trailer. He attempted to strike Counts. There is no evidence that he was hurt when the victim pushed him backwards and told him to leave the trailer. Under these circumstances, there was no evidence that Appellant acted under the influence of sudden passion arising out of adequate cause. *Cf., State v. Simmons*, 751 S.W.2d 85, 90–91 (Mo.App.1988)

and cases therein discussed. *See also State v. Redmond*, 937 S.W.2d 205 (Mo. banc 1996).

Section 565.060.1(1), RSMo 1994, provides that second-degree assault may occur if a person "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause." This is the basis on which Appellant contends second-degree assault should have been submitted, and, as there was no evidence of it, there was no error in not submitting assault in the second degree.

■■■ To reduce assault in the first degree to the second degree, there must be a sudden or unexpected encounter tending to excite passion beyond control. *State v. Huff*, 831 S.W.2d 752, 755 (Mo.App.1992). The trial court is not obligated to instruct on a lesser-included offense unless there is a basis for acquitting the defendant of the charged offense and convicting him of the lesser included. Section 556.046.2 RSMo 1994; *State v. Mease*, 842 S.W.2d 98, 110–11 (Mo. banc 1992), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). There must be substantial evidence to support an instruction for a lesser-included offense. *State v. Arbuckle*, 816 S.W.2d 932, 935 (Mo.App. 1991).

There was no error in the failure to instruct as stated in Appellant's first point. Point I is denied. As it is the only point directed to Appellant's criminal conviction, that judgment is affirmed.

■■■ For his second point, movant states that the trial court erred in denying his postconviction relief motion because:

[T]he court failed to issue findings of fact and conclusions of law on any issues presented in that [movant] alleged that his lawyer was constitutionally ineffective by: failing to investigate, failing to adequately communicate with him, failing to obtain adequate clothing to wear at his trial, failing to call an expert witness to testify to the extent of [victim's] injuries, failing to object to the prosecutor's improper closing argument, and failing to prepare for trial.

Following the evidentiary hearing on the postconviction motion, the trial court entered its order, stating only: "The Court finds that Movant was not denied his right to effective assistance of counsel as granted by the constitution. Motion to Vacate Sentence and Judgment hereby overruled and denied."

Rule 29.15(i) (now 29.15(j)) states that "the court shall issue findings of fact and conclusions of law on all issues presented." "There is no ambiguity in this directive and its requirements are not a mere formality." *Burton v. State*, 895 S.W.2d 648, 649 (Mo.App. 1995). Findings and conclusions cannot be supplied by implication from the court's ruling. *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). The absence of findings or conclusions giving the basis for the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review. *Holloway v. State*, 764 S.W.2d 163, 165 (Mo.App.1989). Findings of fact are required on all issues presented regarding ineffective assistance of counsel. *Carr v. State*, 819 S.W.2d 84, 89 (Mo.App.1991). As there were no findings of fact or conclusions of law, the order denying Appellant's Rule 29.15 motion is reversed.

The judgment rendered in Appeal No. 20097 is affirmed. The order appealed from in Case No. 20688 is reversed, and the case is remanded to the trial court to comply with the mandate of previous Rule 29.15(i).

BARNEY, P.J., and GARRISON, J., concur.