**John Moses JACKSON, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**No. 71169.**

Missouri Court of Appeals,
Eastern District,
Division Six.

July 15, 1997.

Deborah B. Wafer, Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa A. Fischer, Assistant Attorney General, Jefferson City, for respondent/respondent.

REINHARD, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We reverse and remand.

On March 6, 1991, movant entered an *Alford*[1] plea to one count of first degree assault, section 565.050, RSMo 1986. The court sentenced movant to a prison term of five years, suspended execution of the sentence, and placed movant on probation for five years. The court later revoked movant's probation and executed the five year sentence previously imposed.

Movant filed a timely Rule 24.035 motion for post-conviction relief. The motion court granted the motion on December 18, 1995, and set aside movant's "prior plea and sentence." On the same day, movant entered a guilty plea to the amended charge of second degree assault, section 565.060, RSMo 1986. The prosecutor stated that if the case had gone to trial, the evidence would have shown that movant "attempted to cause or knowingly cause[d] physical injury to ... Larry Caston ... by shooting at [him]." Movant agreed with the recitation of facts. The court sentenced him in accordance with the plea agreement to a thirteen month prison term with credit for time served and ordered him to be discharged.

On March 14, 1996, movant filed a Rule 24.035 motion for post-conviction relief to set aside the December 18, 1995, sentence and judgment. The motion court denied the motion "on the grounds that it constitutes a successive motion pursuant to rule 24.035."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035; *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Vernor*, 894 S.W.2d at 210.

On appeal, movant asserts that the motion court's finding that his post-conviction motion was successive was clearly erroneous. The state concedes that the court erred in denying movant's motion as successive but contends that a remand for further findings is unnecessary. We disagree.

Rule 24.035 requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." However, findings of fact are unnecessary when the only issue is a matter of law. *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997). Findings and conclusions on an issue are also not required when the motion court overlooks an isolated allegation if it is clear that movant is not entitled to relief on the claim and will not be prejudiced if the case is not remanded for further findings. *Id.*

Here, the motion court's order contained no conclusions of law and did not address any of the allegations in the post-conviction motion. Thus, the exceptions to the rule do not apply. *See Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). The rule does not permit us to enter de novo findings and conclusions when the motion court has not specifically addressed the merits of the post-conviction motion. *See Oliver v. State*, 936

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

S.W.2d 242, 244 (Mo.App. S.D.1996). Accordingly, we must reverse the judgment of the motion court and remand the case for the motion court to enter findings of fact and conclusions of law which are sufficiently specific to allow for meaningful appellate review pursuant to Rule 24.035.

Reversed and remanded.

KAROHL and DOWD, JJ., concur.