**Elvis D. KELLEY, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 22346.

Missouri Court of Appeals,
Southern District,
Division Two.

March 8, 1999.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

1. Rule references are to Missouri Court Rules

KERRY L. MONTGOMERY, Judge.

After a jury trial, Elvis D. Kelley, Jr., (Appellant) was convicted of one count of rape in violation of § 566.030. The trial court subsequently sentenced Appellant as a prior and persistent offender to thirty years' imprisonment. Appellant timely filed a motion for postconviction relief pursuant to Rule 29.15.[1] The motion was denied after an evidentiary hearing. This appeal followed.

■ Appellate review of a denial of postconviction relief is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(k); *Jackson v. State*, 948 S.W.2d 271 (Mo.App.1997). "Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made." *Id.*

■ In Point I Appellant asserts that the motion court erred in failing to "issue any conclusions of law actually addressing Appellant's rejected claims of ineffective assistance of trial and appellate counsel, leaving Appellant and this court in the dark as to the reasons" for the motion court's denial of postconviction relief. We agree.

■ Rule 29.15(j) provides that the motion court "shall issue findings of fact and conclusions of law on all issues presented...." " 'There is no ambiguity in this directive and its requirements are not a mere formality.' " *State v. Deprow*, 937 S.W.2d 748, 751 (Mo. App.1997) (*quoting Burton v. State*, 895 S.W.2d 648, 649 (Mo.App.1995)).

Appellant's 29.15 motion included claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and various *pro se* claims of error. The 26–page motion included detailed descriptions of the evidence in support of Appellant's claims.

The motion court's order denying postconviction relief included sections entitled "Findings of Fact" and "Conclusions of Law." Under "Findings of Fact," the motion court merely listed the procedural history of the case and noted testimony presented by various witnesses at the trial and at the postcon-

(1998), unless otherwise specified.

viction hearing. There are no findings as to witness credibility or as to the weight given to any of the testimony. The motion court made no findings as to much of the evidence Appellant presented in support of his claims of ineffective assistance of counsel.

The "Conclusions of Law" section states:

1. The Court finds it has jurisdiction over the parties and this case.

2. Movant's pro se motion and amended motion were filed under Rule 29.15(f). (1995).

3. Movant has the burden of proving his claims by a preponderance of the evidence under Rule 29.15(h). (1995).

4. In order to prevail on a claim of ineffectiveness of counsel, a movant must demonstrate their attorney has failed to exercise the degree of skill and competence of a reasonably competent attorney and that movant's defense was prejudiced by inadequate performance.

The motion court made no other findings of fact or conclusions of law. Clearly, the conclusions of law fail to address any particular issue presented.

 "A mere recital or statement that the motion, files and record conclusively refute Movant's claim for relief will not suffice nor will findings and conclusions be supplied by implication from the motion court's ruling." *Oliver v. State*, 936 S.W.2d 242, 243–44 (Mo.App.1996). " 'Obviously, without findings or conclusions, that is, an exposition of the bases for the [motion] court's action, the [motion] court leaves the reviewing court in the dark as to the reason for the [motion] court's action and presents nothing of substance to review.' " *Id.* at 244 (*quoting Holloway v. State*, 764 S.W.2d 163, 165 (Mo.App. 1989). " 'Were this court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in the face of the unequivocal mandate of the Rule.' " *Id.* (*quoting Burton*, 895 S.W.2d at 649).

The motion court's findings and conclusions are not sufficiently specific to provide for meaningful review by this Court. The motion court did not address all of the claims raised by Appellant, nor did it issue specific conclusions of law on each issue presented. Point I has merit.

Appellant raises other issues on appeal. However, we cannot address those claims "until the circuit court has entered proper findings of fact and conclusions of law which are sufficiently specific to allow meaningful appellate review...." *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). The judgment is reversed and the cause is remanded for the *motion court to comply with Rule 29.15(j).*

SHRUM, P.J., and BARNEY, J., concur.