Columbus W. NEAL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59385.

Missouri Court of Appeals, Western District.

Dec. 4, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2002.

Application for Transfer Denied Feb. 26, 2002.

Andrew A. Schroeder, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before HOWARD, P.J., and BRECKENRIDGE and NEWTON, JJ.

VICTOR C. HOWARD, Presiding Judge.

Columbus W. Neal appeals from the judgment denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. He alleges that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because his counsel was ineffective (1) in failing to investigate and call an alibi witness, (2) in failing to request further inquiry by the trial court into Mr. Neal's *pro se* motion to dismiss and replace counsel, and (3) in failing to inform the trial court and move for a mistrial after Mr. Neal observed and reported alleged juror misconduct to counsel.

We affirm in part and reverse and remand in part for an evidentiary hearing.

### Facts

On the evening of May 27, 1997, Wanda Ford was shot while sitting in her vehicle in the parking lot of her apartment. Several witnesses, including Ms. Ford's boyfriend, Ms. Ford's son, and two of Ms. Ford's neighbors, identified Mr. Neal as the assailant.

Mr. Neal was subsequently charged with one count each of murder in the first degree and armed criminal action. After a three-day trial that took place July 6

---

1. Rule references are to the Missouri Rules of Criminal Procedure (2001).

through July 8, 1998, he was convicted by a jury as charged. On September 15, 1998, the trial court sentenced Mr. Neal to consecutive terms of life imprisonment without the possibility of probation or parole for murder in the first degree and life imprisonment for armed criminal action.

This court affirmed his conviction on direct appeal. Mr. Neal then filed a Rule 29.15 motion for post-conviction relief, alleging that his trial counsel was ineffective. The motion court denied his motion without an evidentiary hearing. This appeal follows.

## Standard of Review

In reviewing the motion court's denial of Mr. Neal's Rule 29.15 motion, we presume that the motion court's rulings are correct. *State v. Link*, 25 S.W.3d 136, 148 (Mo. banc), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Thus, our review of the denial of his Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Link*, 25 S.W.3d at 148. The motion court's findings and conclusions are deemed clearly erroneous only if this court, after a review of the entire record, "is left with the definite and firm impression that a mistake was made." *Id.* at 148–49.

In establishing an ineffective assistance of counsel claim, Mr. Neal must show that: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

## Evidentiary Hearing

The motion court denied Mr. Neal's motion without an evidentiary hearing. In each of his three points on appeal, Mr. Neal maintains that he is entitled to an evidentiary hearing. Rule 29.15 provides that an evidentiary hearing shall not be held "[i]f the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Thus, Mr. Neal is entitled to an evidentiary hearing only if his motion meets three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which [he] complains must have resulted in prejudice." *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000), *cert. denied*, 531 U.S. 1171, 121 S.Ct. 1140, 148 L.Ed.2d 1004 (2001). The prejudice prong is satisfied only upon a showing of a reasonable probability that, but for counsel's errors, the result of Mr. Neal's trial would have been different. *Id.* at 823. We consider below each of his three points on appeal by examining his motion in light of these requirements.

## Point I

In his first point on appeal, Mr. Neal alleges that he met the requirements for obtaining an evidentiary hearing with regard to his allegation that his counsel failed to investigate and call his son, Kendell Neal, as an alibi witness in Mr. Neal's defense.

Respondent has conceded in its brief that the motion court's findings of fact and conclusions of law on this point are clearly erroneous on this point and that Mr. Neal

is therefore entitled to an evidentiary hearing. Thus, Point I is granted.

## Point II

■ In his second point on appeal, Mr. Neal alleges that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because his counsel was ineffective in failing "to request that the trial court inquire into the basis for [Mr. Neal's] *pro se* 'Motion to Dismiss and Replace Counsel,' and for instead allowing the court to summarily deny the motion." He alleges that, as a result of this failure, "the trial court never learned that communication between [Mr. Neal] and trial counsel had completely broken down, which in turn precluded counsel from investigating [Mr. Neal's] alibi defense."

On September 4, 1997, Mr. Neal filed a boilerplate *pro se* motion to dismiss and replace counsel. On September 15, 1997, the trial court entered its order denying the motion. Mr. Neal did not raise the issue again until he filed his Rule 29.15 motion in January of 2000. He now alleges that he was entitled to an evidentiary hearing on the matter.

■ We previously set forth the requirements for obtaining an evidentiary hearing. We have reviewed Mr. Neal's Rule 29.15 motion carefully and find that the allegations therein are insufficient to warrant an evidentiary hearing on this point. There is no allegation or anything in the record to indicate that Mr. Neal's counsel was even aware of the fact that his client had filed the *pro se* motion.[2] Even if counsel did know about the motion, we are not aware of, nor does Mr. Neal cite to,

any authority that imposes a duty upon counsel to request that the trial court inquire further of a defendant's reasoning for filing such a motion. Indeed, Mr. Neal cites to case authority such as *State v. Fields*, 636 S.W.2d 76, 80 (Mo.App. E.D. 1982) in support of his assertion that the trial court had an obligation to inquire thoroughly into the factual basis for Mr. Neal's dissatisfaction with his counsel. However, whether or not the *trial court* fulfilled its duty or erred in not doing so is an issue to be raised on direct appeal, not in a Rule 29.15 proceeding. Mr. Neal "cannot [now] circumvent the requirement that trial court error be raised on direct appeal by converting the alleged trial court error of [not inquiring into Mr. Neal's reasons for his *pro se* motion] into defense counsel error in failing to [request that the trial court so inquire]." *Ham v. State*, 7 S.W.3d 433, 440 (Mo.App. W.D.1999). Additionally, the allegations of his difficulties with his lawyer as set forth in his motion were broad and extensive. It is unclear how much more information the court needed regarding counsel's alleged ineffective assistance.

Point II is denied.

## Point III

In his third and final point on appeal, Mr. Neal alleges that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because his trial counsel failed to inform the trial court and move for a mistrial after Mr. Neal informed counsel that he witnessed the victim's daughter and her husband talking to a juror outside of the courtroom on the first day of trial.

**2.** Mr. Neal asserts in a footnote of his brief that counsel was aware that Mr. Neal had filed the motion because of the fact that the court's order overruling the motion indicates a copy of that order was sent to counsel. Counsel's receipt of a court order does not mean that he received the motion. Mr. Neal's *pro se* motion does not indicate by certificate of service or otherwise that he served a copy of the motion upon his counsel.

Specifically, Mr. Neal alleges in his Rule 29.15 motion that during a court recess on July 6, 1998, as he looked out the window of his holding room, he saw a juror conversing with one of the victim's daughters and her husband. He alleges that he informed counsel of this incident. Mr. Neal then alleges that his counsel told Mr. Neal to let him know if he saw it happen again, but counsel did not advise the trial court of Mr. Neal's observation. He then alleges that because once a prima facie case of juror misconduct during trial is shown the burden shifts to the prosecution to prove that the jurors were not subjected to improper influences, his counsel had a duty to inform the trial court of the misconduct he observed. He also alleges that he was prejudiced by his counsel's failure to so inform the court.

Mr. Neal's motion alleges facts, not conclusions warranting relief. Nothing in the case files or records refutes these facts. The State alleges that Mr. Neal failed to show prejudice. However, the United States Supreme Court has held that "[p]rivate communications possibly prejudicial, between jurors and third persons, or witnesses, or the officer in charge, are absolutely forbidden, and invalidate the verdict, at least, unless their harmlessness is made to appear." *Mattox v. United States*, 146 U.S. 140, 150, 13 S.Ct. 50, 53, 36 L.Ed. 917, 921 (1892). Thus, prejudice is presumed because once juror misconduct during a felony trial is established, "a new trial is required unless the State affirmatively shows that the jurors have not been improperly influenced as a result of the misconduct." *State v. Smith*, 944 S.W.2d 901, 921 (Mo. banc 1997). Although a presumption of prejudice may be overcome, Mr. Neal is entitled to an evidentiary hearing to determine whether his counsel was ineffective in failing to bring the alleged juror misconduct to the attention of the court.

In his motion, Mr. Neal also asserts that he will present the testimony of Marjorie Lawrie with regard to additional alleged juror misconduct that she observed during Mr. Neal's trial. However, Mr. Neal failed to show that the alleged misconduct observed by Ms. Lawrie was ever brought to the attention of his counsel. Accordingly, counsel cannot be held to be ineffective for not bringing this alleged misconduct, of which he had not been informed, to the trial court's attention.

Thus, Point III is granted in part in that he is entitled to an evidentiary hearing with regard to the juror misconduct that he allegedly witnessed and denied in part with regard to the juror misconduct allegedly witnessed by Ms. Lawrie.

### Conclusion

The motion court clearly erred in denying without an evidentiary hearing Mr. Neal's allegations that his trial counsel was ineffective (1) in failing to investigate and call his son, Kendell Neal, as an alibi witness in Mr. Neal's defense and (2) in failing to inform the trial court and evaluate the option of moving for a mistrial when Mr. Neal informed his counsel that he witnessed juror misconduct. Thus, he is entitled to an evidentiary hearing on those points. We affirm the remaining points.

BRECKENRIDGE and NEWTON, JJ., concur.