Wendell MAYNARD, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 84636.

Supreme Court of Missouri,
En Banc.

Oct. 22, 2002.

Jacqueline K. McGreevy, Louisiana, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

## PER CURIAM.[1]

Wendell Maynard was convicted of second degree murder and armed criminal action. The convictions were affirmed. *State v. Maynard*, 954 S.W.2d 624 (Mo. App.1997). Maynard then filed this post-conviction motion pursuant to Rule 29.15. The amended motion alleged that Maynard was denied effective assistance of counsel in several respects and that the State violated its duty to provide continuing discovery. The motion court overruled the motion without an evidentiary hearing.

Appellate review of the motion court's action is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Rule 29.15(k)*.[2] They are not. The judgment is affirmed.

In his motion for post-conviction relief, Maynard alleged that, during the trial, he and one of his attorneys were returning from a recess when they encountered a defense witness in the hallway. She told them that she had been sitting in the hallway talking to a juror when they were spotted by one of the assistant prosecutors. She alleged that the assistant prosecutor confronted her and the juror, very sternly telling them that they should not be speaking to one another. Maynard's attorney did not bring this matter to the court's attention. Maynard claimed that although the witness was a defense witness, she was a friend of the victim and had an interest in seeing Maynard convicted.

As noted in *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000), an evidentiary hearing is not required where the motion and the files and records of the case conclusively show that movant is entitled to no relief. As distinguished from other civil pleadings, courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. A movant is entitled to an evidentiary hearing only if his motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice. To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. No hearing is required in the absence of allegations showing prejudice. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997)

---

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Robert G. Ulrich. *Mo. Const. article V, section 10.* Portions of the court of appeals opinion are incorporated without further attribution.

2. To the extent *Neal v. State*, 66 S.W.3d 116, 120 (Mo.App.2001), suggests that the state must affirmatively show that the jurors have not been improperly influenced as a result of the misconduct, it is overruled. *Neal* relies on the standard applicable on a direct appeal not the standard prescribed by Rule 29.15(k).

In this case, the court found that the motion failed to allege any facts to demonstrate that the conviction was in any way influenced by the contact. The court also concluded that the contact did not result in prejudice. The court noted that the witness was a defense witness and that her entire testimony made up only three pages in the transcript and consisted of testimony as to her relationship with the victim and as to one occasion when the victim engaged in a conversation with a few men outside a liquor store. The motion contains no allegation as to the contents of the conversation between the juror and the witness. These findings and conclusions are not clearly erroneous, and the court did not err in failing to permit an evidentiary hearing.

Maynard raises five other points on appeal. The records and briefs have been reviewed, no error of law appears, and each of the five points is denied. A published opinion as to those points would serve no jurisprudential purpose. The parties, however, have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for the decision. *Rule 84.16(b)*.

The judgment is affirmed.

All concur.