**Johnny Ray ARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 25010.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 31, 2002.

Mark A. Grothoff, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant, Johnny Ray Ard, ("Movant") appeals the denial of his Rule 29.15 motion for post-conviction relief. He contends in his sole point relied on that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law as mandated by Rule 29.15(j).[1] He argues that the motion court's failure to make specific findings of fact and conclusions of law deprived him of the opportunity for meaningful appellate review contemplated by Rule 29.15. Accordingly, he maintains his case should be remanded so that the motion court can comply with Rule 29.15(j). Respondent, State of Missouri, concedes that Movant's point is meritorious and joins Movant's request to have the matter remanded to the motion court for purposes of compliance with Rule 29.15(j).

The record shows that Movant was found guilty by a jury of the crime of statutory rape in the first degree, proscribed by section 566.032, RSMo 1994. He was sentenced as a prior offender, § 558.016.2, RSMo 1994, to a term of fifty years of imprisonment. This Court affirmed Movant's conviction and sentence in *State v. Ard,* 11 S.W.3d 820 (Mo.App.2000).

On June 14, 2000, Movant filed his pro se motion for post-conviction relief pursuant to Rule 29.15. He included a total of eight allegations in his motion. On November 3, 2000, Movant's counsel filed a statement in lieu of filing an amended motion, noting that counsel did not identify additional claims to those raised in Movant's motion. *See* Rule 29.15(e). On June 4, 2002, the motion court issued an order dismissing Movant's motion for post-conviction relief without prejudice for failure to prosecute.

Rule 29.15(j) requires a motion court to issue findings of fact and conclusions of law on all matters presented. *State v. Deprow,* 937 S.W.2d 748, 751 (Mo.App. 1997). "'There is no ambiguity in this directive and its requirements are not a mere formality.'" *Id.* (quoting *Burton v. State,* 895 S.W.2d 648, 649 (Mo.App.1995)). "Findings and conclusions cannot be supplied by implication from the court's ruling." *Id.* "While it is true that findings of fact are not required if the issue is only one of law, that exception does not apply where the motion court has also failed to issue conclusions of law." *Oliver v. State,* 936 S.W.2d 242, 244 (Mo.App.1996). Point well taken.

The order denying Movant's Rule 29.15 motion is reversed and the cause is re-

---

1. Rule references are to Missouri Court Rules (2002), unless otherwise noted.
   Rule 29.15(j) provides in pertinent part that:

The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.

manded for further proceedings consistent with Rule 29.15.

MONTGOMERY, P.J., and GARRISON, J.