Marcus Lee **BROUSSARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 25368.

Missouri Court of Appeals, Southern District, Division One.

July 31, 2003.

---

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

ROBERT S. BARNEY, Presiding Judge.

Marcus Lee Broussard ("Movant") appeals from a judgment of the Circuit Court of Greene County denying, without an evidentiary hearing, his amended Rule 29.15 motion to vacate, set aside or correct a prior judgment and sentence for forcible rape, § 566.030 RSMo 2000. Following a jury trial, Movant was sentenced for a period of twenty years. *See State v. Broussard*, 57 S.W.3d 902, 905 (Mo.App. 2001).

Movant's sole point on appeal maintains that the trial court erred in dismissing his motion without an evidentiary hearing. He asserts that he pled factual allegations not refuted by the record, which if proven, would warrant relief because he was prejudicially denied assistance of counsel during the course of his trial in that his trial counsel failed to locate and call an expert

witness who could testify as to the phenomenon of "tweaking" that may occur with methamphetamine users.

 Our review of Movant's claim is limited to a determination of whether the findings of fact and conclusions of law of the motion court were clearly erroneous. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). "Findings of fact and conclusions of law are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* Movant is entitled to an evidentiary hearing on his Rule 29.15 motion only if his motion alleges facts, not conclusions, which are not refuted by the files and records in the case warranting relief and the matters complained of must have resulted in prejudice to Movant. *Maynard v. State*, 87 S.W.3d 865, 866 (Mo. banc 2002). To be entitled to an evidentiary hearing on the claim of ineffective assistance of counsel for failing to call expert witnesses, Movant must allege in his Rule 29.15 motion: (1) that such an expert "existed at the time of trial"; (2) that the expert "could have been located through reasonable investigation"; and (3) that the expert's testimony "would have benefited movant's defense." *State v. Davis*, 814 S.W.2d 593, 603–04 (Mo. banc 1991), *cert. denied*, 502 U.S. 1047, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992).

At trial, Movant's trial counsel attempted to introduce evidence relating to "tweaking." Movant's defense was that because of the phenomenon of "tweaking," the victim did not accurately recall the events in question.

Trial counsel, in an offer of proof, asked Pat Merriman ("Merriman"), a Greene County felony narcotics prosecutor, if he knew what "tweaking" was. Merriman responded that it was a phenomenon that occurs with heavy methamphetamine users. When asked about some of the symptoms of "tweaking," Merriman gave an example of a woman who, when taken into custody, acted perfectly normal, and then about an hour later was "literally hanging . . . from the light fixture there in the cell and swinging back and forth, they said, like a chimp." Merriman also gave an example of a man who thought Merriman was his dead brother. Merriman stated that the closest thing he had ever seen to it was the irrational behavior demonstrated by paranoid schizophrenics in mental hospitals. Merriman said that when someone is "tweaking" the person's ability to accurately recount events was poor. Merriman said that when training officers, he tells them that someone who is "tweaking" is "extremely paranoid," and that they are "incredibly strong and insensitive to pain." He stated that during the time people are up on methamphetamine they do not sleep.

The trial court denied Movant's offer of proof, and this Court upheld that ruling holding, in part, "that Merriman was not qualified as an expert to discuss the victim's mental state" and how it may have been affected by the phenomenon of "tweaking." *Broussard*, 57 S.W.3d at 912. "[A] psychiatrist or psychologist would be needed to testify about 'that type of mental abnormality.'" *Id.*

Movant's allegation of ineffective assistance of trial counsel stems from trial counsel's purported failure to locate and call to testify an expert witness who would be qualified to testify as to the victim's mental status. Relating to this claim, Movant's Rule 29.15 motion alleges the following:

If counsel would have located and attempted to call a qualified expert such as Jim Miller, Dr. Bruce Harry of Columbia, or Dr. Terry Martinez, of St. Louis, counsel would have provided an adequate foundation for the admission of

the evidence which would have then been admitted into evidence. There is a reasonable probability that if counsel would have called a proper, qualified witness to testify regarding the effects of methamphetamine use, including "tweaking", the outcome of the case would have been different.

However, Movant does not plead that any of these expert witnesses existed at the time of trial, could have been located through reasonable investigation, or would have been willing and able to testify if called. *See Davis,* 814 S.W.2d at 603–04. Movant also fails to allege what the expert witnesses' testimony would have been if called. Movant alleges only that the expert witnesses may have testified to the effects of methamphetamine use, including "tweaking"; however, Movant does not claim the expert witness testimony would have been beneficial to his case other than it would allow other evidence to be admitted.

The requirement that a movant directly allege facts to which the witnesses would have testified, if called, is more than a technicality. In every post-conviction case, it may truthfully be said that there are innumerable witnesses whose favorable testimony on a myriad of issues was not adduced by trial counsel.... To declare such pleading to be sufficient would permit a post-conviction litigant and lawyer to sandbag the State and the motion court with numerous unsubstantiated claims of deficient performance of trial counsel in failing to "adduce" testimony from witnesses. The State would then be put to the task of having to investigate what the witnesses would say, and the court would be required to hold a hearing, even though there may not be a scintilla of evidence that the witnesses were available to testify and that they would, in fact, testify favorably to the movant.... To hold

such allegations sufficient would turn the pleadings process into clever gamesmanship.

*White v. State,* 939 S.W.2d 887, 896–97 (Mo. banc 1997), *cert. denied,* 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997).

Movant has not made the required allegations of fact warranting relief. He is not entitled to an evidentiary hearing on this claim.

The judgment of the motion court is affirmed.

PREWITT and GARRISON, JJ., concur.