**Glenn SEALS, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 25529.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 2003.

Mark A. Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. & Adriane Dixon Crouse, Asst. Atty. Gen., for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant, Glenn Seals, Jr. ("Movant"), appeals the denial of his Rule 29.15 motion for post-conviction relief, raising two points of motion court error.[1] On December 8, 1998, a jury found Movant guilty of passing a bad check in violation of section 570.120, RSMo 1994. In an amended sentence and judgment, the trial court sentenced Movant to a four-year term of imprisonment. Movant appealed his conviction and this Court affirmed the judgment and sentence of the trial court in an unpublished opinion.

Thereafter, Movant seasonably filed his first amended Rule 29.15 motion for post-conviction relief, claiming: (1) ineffective assistance of counsel; and (2) "[denial] of due process and equal protection," because the amended sentence and judgment entered in his case "improperly indicates [M]ovant to be a prior/persistent/dangerous offender."

Respondent, State of Missouri ("State"), filed a motion to dismiss Movant's first amended post-conviction relief motion under Rule 29.15, without evidentiary hearing. The motion court sustained State's motion to dismiss without evidentiary hearing, after first setting out certain facts and conclusions of law relative to Movant's first claim, and determined that Movant had received effective assistance of counsel. However, the motion court did not address Movant's second claim, that he had been denied due process and equal protection because the trial court's first amended sentence and judgment improperly set out that Movant was a "prior/persistent/dangerous offender."

Movant now raises two points of motion court error. He maintains the motion court erred in denying an evidentiary hearing on his Rule 29.15 motion, because the record does not refute his allegation that he received ineffective assistance of trial counsel. In his second point, Movant alleges the motion court erred in refusing to grant him a hearing on his post-conviction relief motion because a review of the record leaves a definite and firm impression his constitutional rights were violated because the amended judgment and sentence rendered by the trial court incorrectly showed that he was a "prior/persistent/dangerous offender." He also argues that "such an erroneous notation in a sentence and judgment can negatively affect [Movant's] potential release date."

■ Movant is entitled to an evidentiary hearing on his Rule 29.15 motion only if his motion alleges facts, not conclusions, which are not refuted by the files and records in the case warranting relief and the matters complained of must have resulted in prejudice to Movant. *Maynard v. State*, 87 S.W.3d 865, 866 (Mo. banc 2002).

---

1. All Rule references are to Missouri Court Rules (2000).

"Rule 29.15(j) requires a motion court to issue findings of fact and conclusions of law on all matters presented."[2] *Ard v. State,* 92 S.W.3d 334 (Mo.App.2002); *State v. Deprow,* 937 S.W.2d 748, 751 (Mo. App.1997). "There is no ambiguity in this directive and its requirements are not a mere formality." *Burton v. State,* 895 S.W.2d 648, 649 (Mo.App.1995). Furthermore, findings of fact and conclusions of law cannot be supplied by implication from the motion court's ruling. *Ard,* 92 S.W.3d at 334; *see Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). "While it is true that findings of fact are not required if the issue is only one of law, that exception does not apply where the motion court has also failed to issue conclusions of law." *Ard,* 92 S.W.3d at 334 (quoting *Oliver v. State,* 936 S.W.2d 242, 244 (Mo.App.1996)). " 'Were this Court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in the face of the unequivocal mandate of Rule 29.15(j).' " *Oliver,* 936 S.W.2d at 244 (quoting *Burton,* 895 S.W.2d at 649).

Here, while the motion court addressed Movant's first claim in his post-conviction relief motion, relating to ineffective assistance of counsel, the motion court did not address Movant's second claim, relating to a purported improper designation in the trial court's sentence and judgment, showing that he was a "prior/persistent/dangerous offender." In failing to do so, the motion court erred. *Ard,* 92 S.W.3d at 334; Rule 29.15(j).

Because the matter must be remanded to the motion court for compliance with the provisions of Rule 29.15(j), we will not address Movant's first point, pending further proceedings. The judgment denying Movant's Rule 29.15 motion is reversed and the cause is remanded for further proceedings consistent with Rule 29.15.

2. In pertinent part, Rule 29.15(j) provides that:

The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.