

# In the Missouri Court of Appeals
# Eastern District

### DIVISION II

| | | |
|---|---|---|
| KENNETH WILLIAMS, | ) | No. ED103548 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | Cause No. 1322-CC01222 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Philip D. Heagney |
| | ) | |
| Respondent. | ) | Filed: August 30, 2016 |

## OPINION

Kenneth Williams ("Movant") appeals the motion court's judgment denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. Movant is requesting this Court to reverse the motion court's judgment and remand the case for a new trial, or in the alternative, an evidentiary hearing, based on newly discovered evidence. Because the findings of the motion court are not clearly erroneous, we affirm.

### I.      Factual and Procedural Background

On April 26, 2010, Movant was arrested at his apartment because he had a warrant for failing to show up to serve a previous sentence and because he was wanted for questioning on a domestic assault complaint. There were five officers at the scene of the arrest: Kevin Manning, Jason Scheel, Joseph Tomlinson, William Helbing, and Joseph Kuster. While the officers were at

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

1

Movant's apartment to make the arrest, Movant admitted he had some crack or crack cocaine in his apartment. He then showed the officers where he kept the drugs. Subsequently, Officer Manning contacted his supervisor, Sergeant Larry Davis, to come to Movant's apartment to "possibly get [Movant] to execute a consent to search form." Sergeant Davis arrived at the scene approximately fifteen to twenty minutes later. After Movant refused to sign the consent to search form, Sergeant Davis instructed the officers to seize all the narcotics evidence in plain view. Sergeant Davis did not actively participate in the seizure himself. Officer Manning seized all the drugs and packaged them.

On December 9, 2011, following a jury trial in the Circuit Court of the City of St. Louis, Movant was found guilty of one count of trafficking in the second degree.[2] After his trial, Movant learned that Sergeant Davis was indicted for possessing marijuana with intent to distribute on January 28, 2012. The federal government charged Sergeant Davis with engaging in this illegal behavior from "on or about October 1, 2010" until January 10, 2012. Subsequently, on or about April 23, 2012, Sergeant Davis pleaded guilty to the charges in the indictment. Based on the newly discovered evidence of Sergeant Davis' indictment, Movant filed a pro se Rule 29.15 motion for post-conviction relief on May 17, 2013. Subsequently, Movant filed a timely amended Rule 29.15 motion[3] and request for evidentiary hearing on September 9, 2013. Movant alleged that Sergeant

---

[2] Under § 195.223, RSMo 2000. However, Movant was acquitted of the class A misdemeanor of possession of drug paraphernalia.

[3] Under Rule 29.15(g), when an appellant files a motion for post-conviction relief after a direct criminal appeal and he does not retain private counsel, an amended motion must be filed within sixty days of "(1) the date both the mandate of the appellate court is issued and counsel is appointed." Rule 29.15(g). However, "[t]he court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Here, the court appointed post-conviction counsel to Movant on June 10, 2013, after our Court issued a mandate on Movant's appeal. Movant's amended motion was initially due on August 9, 2013, but the court granted Movant counsel's request for a thirty day extension, pushing the due date to Monday, September 9, 2013. Rule 29.15(g). Movant's amended motion was initially filed under the wrong case number, but since Movant was not at fault, the motion court allowed him to refile it under the proper case number on September 24, 2013 and treated the motion as "timely" pursuant to *Sanders v. State*. 807 S.W.2d 493 (Mo. banc 1991).

Davis, or officers under his direction, planted the narcotics evidence seized in Movant's underlying criminal case, altered its weight by adding to it, or "committed some other misconduct."

The motion court entered a judgment denying Movant's Rule 29.15 motion without an evidentiary hearing. The motion court found that Movant did not allege "any actual knowledge or evidence of specific misconduct in [his case]" and Sergeant Davis' minimal involvement "does not support an inference of wrongdoing under the facts of the instant case." The motion court also found Movant never directly stated that the prosecution knowingly used false evidence and that all allegations related to prosecution's knowledge of the false evidence were "wholly speculative and conclusory."

## II. Standard of Review

Appellate review is limited to determining whether "the findings of fact and conclusions of law of the motion court are clearly erroneous." *McArthur v. State*, 428 S.W.3d 774, 778 (Mo. banc 2014); Rule 29.15(k). The motion court's ruling is clearly erroneous if, in light of the entire record, we are left with the definite and firm impression that a mistake has been made. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013). Movant bears the burden of proving his claims for relief by a preponderance of the evidence. Rule 29.15(i).

## III. Discussion

In Movant's sole point on appeal, Movant asserts he is entitled to a new trial, or in the alternative, an evidentiary hearing, based on newly discovered evidence.

### A. *New Trial Based on Newly Discovered Evidence*

"It is a well-established principle that Missouri's post-conviction relief rules are not a proper vehicle for the examination of claims of newly discovered evidence." *Ferguson v. State*, 325 S.W.3d 400, 406 (Mo. App. W.D. 2010) (quoting *Wilson v. State*, 813 S.W.2d 833, 834 (Mo.

3

banc 1991)). The sole purpose of a post-conviction proceeding is to determine if any of the Movant's constitutional rights were violated during the proceedings that led to the conviction or if the judgment of conviction is otherwise void. *Wilson*, 813 S.W.2d at 834. Although "newly discovered evidence is generally not cognizable in a post-conviction action," there is a *single exception* to this rule—when it is later discovered that "the state knowingly used perjured testimony" to obtain a conviction. *Ferguson*, 325 S.W.3d at 406-07. For this narrow exception to apply, a Movant must show that (1) the witness's testimony was false, (2) the state knew the testimony was false, and (3) the conviction was obtained as a result of the perjured testimony. *Id.* at 407.

Additionally, to obtain a new trial based on newly discovered evidence, the movant must show that (1) the facts constituting the newly discovered evidence have come to the movant's knowledge after the end of the trial; (2) movant lacked prior knowledge, which was not caused by any want of due diligence on his own part; (3) the evidence is so material that it would likely produce a different result at a new trial; and (4) the evidence is neither solely cumulative nor merely for impeachment purposes. *State v. Terry*, 304 S.W.3d 105, 109 (Mo. banc 2010).

In the present case, Movant failed to establish the narrow exception applies. The motion court found Movant relied on conclusions, rather than facts, in his pleadings. Movant never directly alleges factual support for his contention that the prosecution *knowingly* used false evidence. Movant merely concludes the prosecution "knowingly used narcotics evidence that officers seized under the supervisory authority of corrupt Sergeant Davis." This claim is unsubstantiated and conclusory. Because Movant provides "no basis, other than his bare allegation" that the prosecution had knowledge of the false evidence, we agree with the motion court that the narrow

4

exception for seeking a new trial based on newly discovered evidence is inapplicable here. *Ferguson*, 325 S.W.3d at 407.

Furthermore, even if the exception applied, Movant failed to plead facts demonstrating by a preponderance of the evidence that he was entitled to a new trial. The only newly discovered evidence in this case is the indictment of former Sergeant Davis, after Movant's trial on January 18, 2012, for conspiracy to distribute marijuana with his brother. Movant did not have any knowledge or evidence of specific misconduct relating to Sergeant Davis' involvement in Movant's case. As the motion court found, "[t]he allegations made both with respect to any actions of Sergeant Davis and the prosecutor are wholly speculative and conclusory."

Moreover, the criminal activities leading to Sergeant Davis's indictment are largely different from Movant's claims in this present case. Sergeant Davis's misconduct revolved around marijuana, not crack or cocaine. Additionally, there was extensive testimony at Movant's motion to suppress and at the trial about the circumstances of finding, collecting, and testing the drugs seized from Movant's apartment, which demonstrated Sergeant Davis's minimal role in Movant's case. The testimony included: 1) at least three officers testified the drugs were found at Movant's residence and Movant was placed under arrest before Sergeant Davis arrived on the scene; 2) Officer Manning seized and packaged the narcotics evidence; and 3) the DEA seized the money from Movant's apartment. Moreover, Allyson Seger, a criminalist with the St. Louis Metropolitan Police Department Crime Lab, testified the cocaine base confiscated from Movant's apartment was delivered by Officer Manning and was continuously under the control of the St. Louis Metropolitan Lab since the delivery. Therefore, the record contains ample evidence that Sergeant Davis had minimal involvement in the seizing of the drugs and minimal

5

opportunity to otherwise alter the evidence, further minimizing the probative value of Movant's unsubstantiated allegations.

Based on the foregoing, the record does not support an inference that there is a reasonable probability that introducing this new evidence would be "so material that it would likely produce a different result at a new trial." *See Terry*, 304 S.W.3d at 109. Thus, Movant failed to establish that he is entitled to a new trial. Accordingly, the motion court did not clearly err in denying Movant's request for a new trial based on newly discovered evidence.

### B. Evidentiary hearing

Movant is only entitled to an evidentiary hearing if (1) his motion alleges facts, not just conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record in the case; and (3) the matter complained of must have resulted in prejudice toward Movant. *Maynard v, State*, 87 S.W.3d 865, 866 (Mo. banc 2002). Movant is not entitled to an evidentiary hearing if his motion, files, and record of the case conclusively show that the Movant is not entitled to relief. Rule 29.15(h). "In reviewing the adequacy of a pleading, the court assumes all allegations are true and liberally grants all reasonable inferences therefrom." *State v. Ruff,* 256 S.W.3d 55, 57 (Mo. banc 2008). However, unlike in other civil pleadings, "courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief." *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000).

As discussed *supra*, Movant never alleged facts to support his conclusion that the prosecution "knowingly" used false evidence. Movant's allegations in his amended motion are purely speculative, and he failed to plead any specific evidence to show relief is warranted. Therefore, the motion court did not clearly err in denying Movant an evidentiary hearing.

## IV.    Conclusion

For the foregoing reasons, we affirm.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.